## H. HODDE v. JOHN SUSAN.

(Case No. 2021.)

1.  APPEAL BOND.— When a judgment is rendered by a justice of the peace against a claimant of property and his securities on the claim bond, and an appeal is attempted only by the principal, if the appeal bond describes the case by its number and title, date of the judgment, and its amount, the fact that a full description of the judgment in every particular is not given, or that the appeal bond omits to mention the names of the sureties who did not appeal, will not afford ground for dismissing the appeal.

2. PRACTICE.— When the record fails to show that a charge asked to be given to the jury was refused, its character or influence on the result below cannot be considered. The statement of counsel found in the record on their motion for a new trial, to the effect that the charge was refused, cannot supply the absence of an affirmative statement in the transcript that the charge was refused.

3. BURDEN OF PROOF.— In a contest involving the ownership of goods at the time of their seizure under legal process, the burden of proof is determined by ascertaining who had the apparent visible possession at the time of their seizure.

4. ASSIGNMENT OF ERRORS.— Attention again called by the court to the fact that an assignment of errors, which complains generally of the court below in overruling a motion for a new trial, without pointing out any particular error, will not be considered. (Following Pearson v. Flanagan, 52 Tex., 266; H. & T. C. R'y Co. v. McNamara, 59 Tex., 255; and Railway Co. v. Shafer, 54 Tex., 641.)

APPEAL from Austin. Tried below before the Hon. L. W. Moore.

Suit for the trial of the right of property to certain goods levied upon under an execution in favor of C. W. Klaiden, appellant's intestate, against Wm. Newman. The goods were claimed by John Susan, in accordance with the statute, and were valued at $200. In the justice's court the claimant demanded a jury, to whom the case was submitted on the following issues: On the part of the plaintiff, that the property in controversy was the property of Wm. Newman, the defendant in execution; on the part of defendant, that the goods were purchased by the defendant in good faith. The jury returned a verdict in favor of plaintiff, and judgment was rendered by the justice against the claimant and his sureties. From this judgment the defendant appealed to the county court. At the first term of the county court, the plaintiff filed a motion to dismiss the appeal.

Before the motion was presented, the case was transferred to the district court on account of the disqualification of the county judge.

In the district court, the defendant renewed a motion to dismiss for want of jurisdiction over the defendant, which had been urged *in limine*. This motion was accorded a precedence over the motion of plaintiff to dismiss the appeal, and, the district court sustaining it, the plaintiff appealed from the ruling. It was reversed by the supreme court. 58 Tex., 389.

The motion to dismiss was presented at the July term, 1884, when it was overruled by the district court, to which the case had been remanded.

Verdict for the defendant.

This judgment of the justice of the peace was " that the claimant

do return said property to the officer or his successor, and that the plaintiff do have and recover of the said John Susan, G. W. Foster, W. W. Bethany, John W. Lott and Isaac Lewis the sum of $11.94 — ten per cent. damages on the amount claimed in the writ, and costs."

The appeal described the judgment attempted to be appealed from thus:

"Whereas, C. W. Klaiden recovered a judgment against John Susan in the justice's court, precinct No. 6, of Austin county, Texas, on the 3d day of September, 1879, for the return of certain property valued at $200, for $11.94 damages and for costs."

The appeal bond described the case by its title and number.

*J. T. Swearingen*, for appellant, that the description in the appeal bond was not sufficient, cited: McGarrah v. Burney, 4 Tex., 287; Long v. Smith, 39 Tex., 160; Hollis v. Border, 10 Tex., 277; Smith v. Cheatham, 12 Tex., 37; Horton v. Bodine, 19 Tex., 280; Morris v. Edwards, W. & W. C. C., sec. 525.

That the burden of proof was on the defendant, he cited: R. S., art. 4824; Gibson v. Hill, 21 Tex., 225; Mills v. Walton, 19 Tex., 271; Guerin v. Patterson, 55 Tex., 124; Pierson v. Tom, 10 Tex., 145; Stephen's Dig. Law of Evidence, art. 95.

*Chesley & Haggerty*, for appellee, that the bond was sufficient, cited: Herndon v. Bremond, 17 Tex., 432; Hill v. Crownover, 4 Tex., 8; James v. Fulcrod, 5 Tex., 512.

WILLIE, CHIEF JUSTICE.— The court did not err in overruling the motion to dismiss the appeal taken from the justice's court.

The judgment of the justice was rendered against Susan for a return of the property levied on and claimed by him; and it was also a judgment against him for $11.94 damages. This latter part of the judgment was rendered also against the sureties of Susan upon his claim bond. Susan alone seems to have appealed from the judgment of the justice of the peace. The case appealed from is described in the appeal bond by its title and number, and is otherwise identified. Under a state of circumstances similar to those now presented to us, this court, in the case of Herndon v. Bremond, 17 Tex., 432, held an appeal bond sufficient.

The effect of that decision is, that when the case is identified by its number and title on the docket, and the judgment accurately described so far as it affects the appellant, a defect, such as is here complained of, is not a misdescription of the judgment, but only

---

---

not so full and particular a description as might have been given of its contents. And it was further said that the mere omission in the bond of a full description of the judgment in every particular, if it be sufficiently described to identify it, has not been held a ground for dismissing the appeal.

The first assignment of error, therefore, is not well taken.

The second assignment of error cannot be sustained because the record does not show that the charge, alleged to have been refused by the court, was ever asked to be given to the jury.

When the record fails to show that a charge was refused, we cannot, of course, take the alleged refusal into consideration. Hill v. Crownover, 4 Tex., 8; James v. Fulcrod, 5 Tex., 512.

The statement of counsel, in a motion for a new trial, to the effect that the charge was asked and refused, cannot be accepted as evidence of the fact. The court may have overruled that ground for a new trial for the reason that it disagreed with counsel as to the alleged fact of refusal.

The general charge of the court was correct as far as it went, and if the appellant thought it should have been more definite and explicit, he ought to have asked charges with that view and for that purpose.

The statement of facts does not show that the goods were in the possession of Newman at the time they were seized under execution. Hence the court could not charge the jury that the burden of proof was upon the claimant. R. S., arts. 4838, 4839.

The goods might have belonged to Newman before the levy, and have been restored to him after the claim bond was executed, and yet not have been in his possession at the date of the levy. This shifting of the ownership or possession from Newman to the claimant, and from the claimant to Newman, might have tended to show where the true ownership lay, but this did not determine upon whom was the burden of proof. That depended upon the apparent visible possession at the time of seizure.

Moreover, the whole evidence taken together shows possession in Susan at the time the levy was made, and the court could not, under such circumstances, have cast the burden of proof upon any one else than the plaintiff.

As to the only remaining assignment of error insisted upon, it is enough to say that it is a well settled rule of this court that an assignment which complains only that the court erred in overruling a motion for a new trial is not in compliance with the rules and will not be considered. Pearson v. Flanagan, 52 Tex., 266; H. &

T. C. R. R. Co. *v.* McNamara, 59 Tex., 255; Railway Co. *v.* Shafer, 54 Tex., 641; Green *v.* Dallahan, 54 Tex., 281.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered February 13, 1885.]