### Issy Landa v. Theodore Heermann.

#### No. 7383.

1. **Appeal Bond in Justice Court—Misdescription of Judgment.** Suit upon note in Justice Court for $95 and stipulated attorney fees. Judgment for amount claimed. The defendant appealed, and gave an appeal bond in all respects describing the judgment save in the amount, which was recited as "$95 with interest and costs." It was also not in double the amount of the judgment. On appeal, on motion to dismiss in the District Court, *held*, that the transcript from the Justice Court might be looked to in aid of the description of the amount. Looking to the transcript, it appears that the only misdescription is that the bond recites "interest and costs," instead of "interest and attorney fees." Such error is immaterial.

2. **Appeal Bond more Onerous than Required.**—An appeal bond from judgment in Justice Court in substantial compliance with the statute, and on which judgment can be entered, is not invalid because more onerous conditions are added. Such conditions will be treated as surplusage.

3. **New Appeal Bond.**—When the appeal bond in Justice Court is defective only in being signed by one surety, or in the amount, a new bond may be filed in the District or County Court, and be approved by the clerk.

4. **Failure to File Conclusions of Fact, etc.**—The failure of the trial judge to file conclusions of fact and of law when requested, will not be considered on appeal without a bill of exceptions taken before the adjournment of the court.

APPEAL from Bexar. Tried below before Hon. G. H. Noonan.

*Kear & Lewis*, for appellant.—1. The court should not permit the filing and substitution of an entirely new appeal bond that corrects a misdescription of the judgment in the old bond; that cures the defect of insufficiency of amount; that cures the erroneous conditions of the old bond, and adds a new and different set of sureties. The cases in which new appeal bonds have been allowed to be given have not extended further than to cure defects for insufficiency in the amount of the bond, or to permit the addition of another security where but one had signed. Sayles' Civ. Stats., art. 1639; King v. Hopkins, 42 Texas, 48; Hollis v. Border, 10 Texas, 277; Smith v. Cheatham, 12 Texas, 37; Martin v. Hartwell, 1 Ct. App. C. C., 492; Bank v. Lester, 73 Texas, 542; Frees v. Baker, 81 Texas, 216.

2. Upon a trial by the court, the judge shall, at the request of either of the parties, state in writing the conclusions of fact found by him separately from the conclusions of law, which conclusions of fact and law shall be filed with the clerk, and shall constitute a part of the record. Barnett v. Abernethy, 2 Ct. App. C. C., sec. 775.

*S. G. Newton*, for appellee.—The District Court was authorized to permit appellee to file a new appeal bond in said court to cure defects arising from an insufficiency in the amount of the original bond, or from not having been signed by the required number of sureties. Rev. Stats., art. 1639; Christian v. Crawford, 60 Texas, 45; Shelton v. Wade, 4 Texas, 148; Hollis v. Border, 10 Texas, 277; Scranton v. Bell, 35 Texas, 413; Long v. Smith, 39 Texas, 160; King v. Hopkins, 42 Texas, 48; Anderson v. Beatty, 3 Ct. App. C. C., sec. 260; Laerd v. Frieberg, Klein & Co., 2 Ct. App. C. C., sec. 111; Austin v. McMahon, 2 Ct. App. C. C., sec. 429; Parsons v. Crawford, 2 Ct. App. C. C., 669.

GARRETT, PRESIDING JUDGE, *Section B.*—The only questions in this case grow out of the action of the District Court of Bexar County on the motion of the appellant, Landa, to dismiss the appeal of the appellee, Heermann, from the Justice Court, and in failing to file conclusions of fact and law.

Suit was instituted in the Justice Court by the appellant against the appellee, on a promissory note for $400, dated April 14, 1887, with 8 per cent interest from date, and 10 per cent attorney fees; credited, April 14, 1888, $125; April 30, 1888, $180; balance of principal, $95. Defendant pleaded failure of consideration, and plaintiff replied, pleading an estoppel. On January 8, 1889, trial was had and judgment was rendered for the plaintiff for $145.97, being principal, interest, and attorney fees then due. On the same day the defendant gave notice of appeal and filed an appeal bond.

In the District Court plaintiff moved to dismiss the appeal, because the appeal bond misdescribed the judgment as one for $95; was not payable in double the amount of the judgment; was not conditioned as required by law; and was signed by but one surety. This motion the court sustained on October 10, 1889. On October 29, 1889, defendant filed a motion to reinstate, and for leave to file a new appeal bond covering the defects in the old bond. This motion was sustained, and leave granted to file a new bond covering all errors complained of in the old bond. Plaintiff excepted, and afterward moved to dismiss the new bond as having been filed too late and not in the proper court, and not having been approved by the justice of the peace. This motion was overruled, and on a trial before the court judgment was rendered for the defendant.

Plaintiff excepted and gave notice of appeal, which has been perfected, but without a statement of facts.

The appeal bond correctly described the judgment by giving the number and style of suit, the name of the justice and number of precinct, and date of judgment, and gave in every particular a correct description of the judgment, except that it recited the amount for which it was rendered as $95, with interest and costs, when the amount as specified in the judgment was for principal and interest, $132.70, and an attorney fee of $13.27. The transcript shows, that the suit was upon a note for $95, interest, and attorney fees, and a computation will show that the judgment was rendered for that amount. In Anderson v. Beatty, 3 Willson's Civil Appeals, section 260, it was held that the transcript might be looked to in aid of the description of the amount. Looking to the transcript, there is no room for a doubt that the bond describes the judgment appealed from. The only variance is, that the bond recites " interest and costs " instead of " interest and attorney fees." If there is any misdescription, it is immaterial.

It is also urged that the bond is invalid because the condition is more onerous than required by law. The condition of the first appeal bond was: " If the said Theodore Heermann, defendant, shall well and truly prosecute his appeal with effect, and shall pay off and discharge any judgment, order, or decree of said District Court in said suit, and shall pay off and satisfy all costs in the court below, as well as all costs and interest upon said judgment, and all costs of the District Court of Bexar County, then this obligation to be null and void, otherwise to remain in full force and effect." The condition prescribed by statute is, " that the appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal." The condition of the bond given by the defendant Heermann was in substantial compliance with the statute, except that a more onerous condition was added. If the bond is in substantial compliance with the statute and a judgment can be entered thereon, and a more onerous part is added, the more onerous part will be treated as surplusage. Janes v. Langham, 29 Texas, 413.

The bond appears from the record to have been signed by two sureties. But when a bond has only one surety, or is deficient in amount, it may be substituted by a new bond, and the new bond may be filed in the District Court and approved by the district clerk. King v. Hopkins, 42 Texas, 48. There was no error in permitting the new bond to be filed and in reinstating the case.

Appellant has assigned as error the failure of the judge to file his conclusions of fact and of law, although an order was entered granting the request of the plaintiff to that effect. It has been repeatedly held, that

the failure of the judge to file such conclusions would not be considered without a bill of exceptions. Cottulla v. Goggan & Bros., 77 Texas, 32.

It is contended, that as the record shows that the court made an entry in the case granting the request, the appellant might rely upon that action of the court. But it was something that might be waived; and if the party desired to have the action of the judge in failing to file his conclusions revised, it was still his duty to take a bill of exceptions before the adjournment of the court.

We conclude that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted May 24, 1892.