I. J. GREEN ET AL. V. WARREN & HALL.

Delivered March 19, 1898.

**Jurisdiction—Court of Civil Appeals—Amount.**
The Court of Civil Appeals has no jurisdiction of an appeal from a judgment for $60 in sequestration proceedings commenced before a justice of the peace, wherein plaintiff alleged the property to be of the value of $100, since neither the judgment nor the amount in controversy exceeds $100 exclusive of interest and costs, as required by article 996, Revised Statutes.

APPEAL from the County Court of Upshur. Tried below before Hon. T. H. BRIGGS.

*J. S. Barnwell* and *F. S. Eberhart,* for appellants.

*Buie & Simpson,* for appellee.

FINLEY, CHIEF JUSTICE.—Warren & Hall instituted this suit in the Justice Court against I. J. Green for 25,000 feet of lumber, alleged to be of the value of $100, and sued out sequestration. Green replevied the lumber. Upon the trial in the Justice Court Warren & Hall recovered judgment against Green for the lumber, and the judgment provided, in case the lumber could not be had, that the plaintiffs recover from said Green and his sureties on his replevy bond the sum of $60. From this judgment an appeal was taken by defendant to the County Court, and there the appeal was dismissed upon the ground that the appeal bond was defective, in not being made payable to all parties to the judgment. From this judgment of dismissal Green and his said sureties have appealed.

It will be seen from this statement that neither the amount of the judgment nor the amount in controversy exceeds $100, exclusive of interest and costs. This court has no jurisdiction of an appeal from the county court when the judgment or amount in controversy does not exceed $100, exclusive of interest and costs.

It is suggested by counsel that there is a conflict of decisions upon this question, and that in order to settle the conflict the question should be certified to the Supreme Court. We are referred to the cases of Railway v. Rowley, 22 Southwestern Reporter, 82, decided by the Court of Civil Appeals of the Second District; and the case of Railway v. Farmer, 22 Southwestern Reporter, 515, decided by the Court of Civil Appeals of the Third District, as holding that jurisdiction does not obtain; and to the cases of Railway v. Werchan, 23 Southwestern Reporter, 30, decided by the Court of Civil Appeals of the First District, as holding that jurisdiction of such an appeal does exist.

The first two cases mentioned held that an appeal did not lie to the old Court of Appeals under the law as it existed at that time. In the third case the jurisdiction of the old Court of Appeals in such case was held to obtain, following the decision of that court in Williams v. Sims, 4 Willson Civil Cases, section 151. In the Werchan case it is said: "The Court of Appeals has held that it had jurisdiction when the judgment rendered or the amount in controversy in the justice court exceeded $20 and there had not been a trial de novo in the county court: citing as authority Pevito v. Rogers, 52 Texas, 58; Williams v. Sims, 4 Willson Civil Cases, section 151. As the question can not arise as to the jurisdiction of this court, since the limitation as to trials de novo does not occur in the law organizing the Courts of Civil Appeals, and we have had very few cases transferred to us from the Court of Appeals in which the question could arise, we prefer to follow the law as it was construed to be at the time the appeal in this case was perfected, and to hold that we have jurisdiction of the appeal in this case if the county court had jurisdiction."

There is no conflict upon this question under the law as it now exists. The Constitution provides that this court shall have jurisdiction over "all civil cases of which the district courts or county courts have orig-

inal or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." Const., art. 5, sec. 6, as amended in 1891.

The law creating the Courts of Civil Appeals in obedience to the Constitution, prescribes their jurisdiction to extend to civil cases within the limits of the respective districts, (1) "of which the district courts have original jurisdiction; (2) "of which the county court has original jurisdiction;" (3) "of which the county court has appellate jurisdiction when the judgment or amount in controversy or the judgment rendered shall exceed $100, exclusive of interest and costs." Rev. Stats., art. 996.

There can now be no reasonable basis for the contention that this court has appellate jurisdiction from a judgment rendered in the county court where neither the amount of the judgment rendered nor the amount in controversy does not exceed $100, exclusive of interest and costs; and the fact that the judgment appealed from is one dismissing the appeal to the county court does not in any way affect the question of the jurisdiction of this court. The change in the law renders it wholly unnecessary that we should discuss the decisions above referred to, or make any effort to reconcile them. The law itself having been changed, and there being no room for doubt upon the question of our jurisdiction, we must dismiss this appeal.

*Dismissed.*