N ANTONIO & ARANSAS PASS RAILWAY COMPANY v. W. O. ADDISON.

Decided October 30, 1901.

Appeal Bond—Appellee or Executors.

An appeal bond from a justice court is not fatally defective because made payable to appellee "or his executors or administrators;" the alternative payee was impossible during appellee's life and but the legal consequence in case of his death, and was mere surplusage. Nones v. McGregor, 35 S. W. Rep., 1083, distinguished.

Appeal from the County Court of Lee. Tried below before Hon. I. H. Bowers.

*Morrison & Wallace,* for appellant.

*Wm. O. Bowers,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought in the Justice Court, precinct No. 1 of Lee County, to recover $130 damages to shipment of appellee's horses on appellant's railway from Pettus to Giddings. Judgment was rendered in Justice Court for Addison for $100, and the case was appealed to the County Court, in which the appeal was dismissed, on motion of appellee, for alleged defect in the appeal bond, and writ of procedendo ordered to the justice court, from which an appeal was taken to this court.

*Opinion.*—The only question in the case is, was the appeal bond sufficient? The appeal bond was in all things regular and in good form, except that it bound the appellant in the sum of $250 to be paid to W. O. Addison, "or his certain executors or administrators," etc. In the case of Nones v. McGregor, 35 Southwestern Reporter, 1083, this court decided that an appeal bond from a justice court made payable to the appellees or their certain attorneys was fatally defective and could not be

amended.   There is a marked difference in the question in that case and that now before us.    The statute requires that the bond be made payable to the appellee, and it was correctly held that it could not be made payable in the alternative to his attorneys.   In case of the death of appellee, however, the bond, though made payable to appellee, would become payable to his executors or administrators as a legal consequence, and the use of such a stipulation in the bond would not vitiate it.   The appellee in the case at bar, not being dead, and having no executors or administrators, such representatives being impossible for a living man, the use of the terms "executors or administrators" during the life of the appellee would mean nothing and would be meaningless surplusage, and would not vitiate the bond.   It has been held that a bond of appeal more onerous than required by the statute is not void, and such stipulations will be treated as surplusage, if otherwise good.   Landa v. Herman, 85 Texas, 1; 19 S. W. Rep., 885.   The statute, article 1670, Revised Statutes, requires the bond to be made payable to the appellee, conditioned that the "appellant shall prosecute his appeal to effect and shall pay off and satisfy the judgment which may be rendered against him on such appeal."   It was held in Miller v. Sappington, 1 App. C. C., sec. 176, that a bond was good if conditioned to pay "any judgment," etc.   See also 2 App. C. C., sec. 26.

The court below erred in dismissing the appeal, and the judgment is reversed and the cause remanded for trial.

*Reversed and remanded.*