## MASK v. LOUISIANA & TEXAS LUMBER CO.

(Court of Civil Appeals of Texas. Galveston. Feb. 23, 1912.)

COURTS (§ 247*)—JURISDICTION—AMOUNT IN CONTROVERSY.

Under Rev. St. 1895, art. 996, giving the Court of Civil Appeals jurisdiction where the amount in controversy exceeds $100, the Court of Civil Appeals has no jurisdiction of an appeal from a judgment of the county court, dis-

---

missing an appeal from a justice's judgment for defendant in an action involving $30.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749–765; Dec. Dig. § 247.*]

Appeal from Houston County Court; E. Winfree, Judge.

Action by Monroe Mask against the Louisiana & Texas Lumber Company. From a judgment of the county court, dismissing an appeal from a judgment for defendant, rendered in justice's court, plaintiff appeals. Dismissed.

Moore & Sallas, for appellant. Nunn & Nunn, for appellee.

McMEANS, J. This suit originated in the justice court. The amount in controversy was only $30. A trial in the justice court resulted in a judgment for the defendant, Louisiana & Texas Lumber Company, and from that judgment the plaintiff, Monroe Mask, appealed to the county court.

When the case was called for trial in the county court, both parties announced ready, and it was then for the first time discovered that there was no appeal bond among the papers, and that the justice of the peace, from whose judgment the appeal was taken, had not sent up with the papers a transcript of the proceedings in his court. The plaintiff then requested the court to issue a writ of certiorari to the justice of the peace to compel him to send up the transcript; but this request was denied, and the court thereupon, on its own motion, dismissed the appeal, and from the judgment of dismissal this appeal is prosecuted.

This court has not jurisdiction to entertain this appeal, because the amount in controversy does not exceed $100. Article 996, Revised Statutes; Railway v. Rowley, 22 S. W. 182; Railway v. Cooper, 72 S. W. 409; Green v. Warner, 18 Tex. Civ. App. 548, 45 S. W. 608.

For this reason, this appeal is dismissed.