## FORD v. JOHNSTON.

(Court of Civil Appeals of Texas. Texarkana. Feb. 24, 1914. On Rehearing, March 5, 1914.)

1. APPEAL AND ERROR (§ 48*)—APPELLATE JURISDICTION—VALUE OR AMOUNT IN CONTROVERSY.

Under Rev. St. 1911, art. 1589, limiting jurisdiction on appeal from the county court to cases wherein the judgment or amount in controversy exceeds $100, judgment on a note for $75, and for foreclosure of a mortgage securing it on cattle, alleged to be worth $100, is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 226–232; Dec. Dig. § 48.*]

### On Rehearing.

2. APPEAL AND ERROR (§ 51*)—APPELLATE JURISDICTION—VALUE OR AMOUNT IN CONTROVERSY.

Under Rev. St. 1911, art. 1589, limiting jurisdiction on appeal from the county court to cases wherein the judgment or amount in controversy exceeds $100, a counterclaim for more than $100 in a suit for a less amount confers jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 237, 267; Dec. Dig. § 51.*]

3. APPEAL AND ERROR (§ 389*)—APPEAL IN FORMA PAUPERIS—AFFIDAVIT IN LIEU OF BOND.

An affidavit in lieu of an appeal bond stating the style and number of suit, the date of the judgment, and the court wherein it was rendered is sufficient in form to give jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072–2076; Dec. Dig. § 389.*]

4. APPEAL AND ERROR (§ 389*)—APPEAL BY CODEFENDANT—SUFFICIENCY OF PAUPER'S OATH.

A defendant sued on a note, and to foreclose a mortgage securing it, was not legally required to appeal from the judgment against him in favor of his codefendant for conversion of the mortgaged property, and his failure to do so would not make his pauper's oath insufficient on appeal from the judgment against himself in plaintiff's favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072–2076; Dec. Dig. § 389.*]

Appeal from Bowie County Court; Lee Tidwell, Judge.

Action by Edward Johnston against C. E. Ford and another in justice court. From a judgment for plaintiff, defendant Ford appealed to the county court. The appeal was dismissed; and he again appeals. Reversed and remanded for trial.

J. W. Hillman, of Texarkana, for appellant. Graham & Smitha, of Texarkana, for appellee.

LEVY, J. Appellee brought suit in the justice court against C. E. Ford and J. C. Parrish. According to the record the nature of the suit is described as being a suit by the plaintiff against C. E. Ford to recover on a promissory note executed by Ford for $75, with 10 per cent. interest, and to foreclose a chat-

---

tel mortgage on cattle, alleged to be of the value of $100, given by Ford to secure the payment of the note, and against Parrish for conversion of a part of the mortgaged property. Judgment was entered on the verdict of the jury in favor of the plaintiff against Ford and Parrish, and with foreclosure of the mortgage, and in favor of Parrish against Ford for the value of the four head of mortgaged cattle bought by Parrish. C. E. Ford undertook to appeal to the county court from the judgment on an affidavit of inability to pay the cost of appeal, or give security therefor. The county court dismissed the appeal on motion of the appellee, and the case is in this court to revise the ruling of the county court.

[1] As neither the debt nor the alleged value of the mortgaged property exceeds $100, this court has not jurisdiction to entertain this appeal. Article 1589, R. S.; Green v. Warren, 18 Tex. Civ. App. 548, 45 S. W. 608; Mask v. Lumber Co., 145 S. W. 299. Reference: De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882.

For this reason the appeal is dismissed.

### On Rehearing.

[2] The statement of the case made in the briefs failed to mention that the defendant C. E. Ford sued on a counterclaim against the plaintiff, Johnston, for $113. As a consequence we were misled as to the record. There was error in dismissing this appeal for want of jurisdiction, and the former judgment is here set aside. The counterclaim sought here to have judgment for confers jurisdiction over the case.

[3] The county judge, on motion of appellee, dismissed the appeal from the justice court, on the ground that the affidavit in lieu of appeal bond was not sufficient in form to give jurisdiction. The affidavit states the style and number of the suit, the date the judgment was rendered, and the court it was rendered in, and contains the requirements of the statute. The court erred in dismissing the appeal. Hodde v. Susan, 63 Tex. 307; Womack v. Gardner, 10 Tex. Civ. App. 367, 30 S. W. 589; Farrar v. Dowd, 28 S. W. 919; Landa v. Heermann, 85 Tex. 1, 19 S. W. 885.

[4] Appellee had no legal concern with the controversy between appellant and Parrish, and appellant had the right, if he desired, to allow the Parrish judgment against him to remain final and unappealed from, and was not legally required to appeal from it. Therefore, even if there had been a failure of appellant to appeal from the Parrish judgment, such failure would not have the effect to make the pauper's oath insufficient for jurisdictional purposes. But we think the appeal from the justice court was perfected as to all parties.

The judgment is reversed, and the cause remanded for trial.