WESTERN UNION TELEGRAPH CO. v. FRICKE & BOYD. (No. 5364.)

(Court of Civil Appeals of Texas. Austin. April 29, 1914.)

1. JUSTICES OF THE PEACE (§ 141*)—APPEAL— JURISDICTION—COUNTY COURTS—AMOUNT IN CONTROVERSY.

The county court has jurisdiction of an appeal from a justice's judgment for less than $20.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 467–476; Dec. Dig. § 141.*]

2. APPEAL AND ERROR (§ 65*)—JURISDICTION — COURT OF CIVIL APPEALS — AMOUNT IN CONTROVERSY.

A Court of Civil Appeals has no jurisdiction, under Rev. St. 1911, art. 1589, subd. 3, of an appeal from a judgment of the county court rendered on appeal from a justice's court, where the amount in controversy and the judgment of the county court are for less than $100.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 315–328; Dec. Dig. § 65.*]

Appeal from Lee County Court; John H. Tate, Judge.

Action between the Western Union Telegraph Company and Fricke & Boyd. From a judgment for the latter, the former appeals. Motion to dismiss sustained, and appeal dismissed.

Watson & Simmang, of Giddings, for the motion.

JENKINS, J. [1] On a former day of the present term we inadvertently indorsed on appellees' motion to dismiss this appeal "Overruled," and judgment was accordingly entered. We supposed at that time that we were passing on the contention of appellant that the county court was without jurisdiction, for the reason that the judgment appealed from was less than $20. This contention was decided adversely to appellant in Brazoria County v. Calhoun, 61 Tex. 223.

[2] We set aside the order overruling motion to dismiss upon our own motion, and sustain said motion and dismiss this appeal, for the reason that both the amount in controversy and the judgment of the county court were for less than $100. Rev. Stat. art. 1589, subd. 3; Green v. Warren, 18 Tex. Civ. App. 548, 45 S. W. 608.

Motion sustained, and appeal dismissed.