BROWNE v. McGUIRE. (No. 5556.)*

(Court of Civil Appeals of Texas. San Antonio. Dec. 8, 1915. Rehearing Denied Jan. 5, 1916.)

1. PLEADING ⬗290—VERIFICATION—FAILURE OF CONSIDERATION.

Under the express provisions of Rev. St. 1911, art. 1906, § 10, an answer, setting up

failure of consideration as a defense to the cause of action on debt and to foreclose vendor's lien notes, should have been sworn to.

[Ed. Note.—For other cases, see Pleading, Cent.Dig. §§ 859–863, 886½; Dec.Dig. @⇒290.]

2. APPEAL AND ERROR @⇒1039 — HARMLESS ERROR—WITHDRAWAL OF ANSWER.

Where, in an action for debt and to foreclose vendor's lien notes, the answer, setting up failure of consideration, was not verified, and hence would not have prevented the taking of a default judgment, defendant was not injured by withdrawal of the answer by his attorney.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. @⇒1039.]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by W. A. McGuire against W. H. Browne and others. Judgment for plaintiff, and defendant Browne appeals. Affirmed.

P. L. Townes, of Laredo, for appellant. Suttle & Todd, of Corpus Christi, for appellee.

CARL, J. W. A. McGuire sued W. H. Browne, P. G. Taylor, M. A. Simmons, and Clay Roberts for debt and to foreclose a vendor's lien on certain real estate in Nueces county. There were two notes, one for $2,000 held by the plaintiff, and another, which became a second lien, in the sum of $1,000, held by P. G. Taylor. The parties were all duly served, and Simmons and Roberts defaulted, but Taylor admitted the allegations of the petition to be true, and prayed for judgment and for foreclosure of his second lien. Appellant employed an attorney, who filed, on appearance day, a general demurrer and general denial; but, when the case was called for trial, the attorney asked and obtained leave to withdraw the answer filed. A controverting affidavit, to the motion to set aside the judgment and reopen the case, says that appellant is also a lawyer, and was present in court at the time the answer was withdrawn.

[1] Service was had on January 13, 1915, and judgment was taken on February 12, 1915. On March 6th appellant's amended motion for a new trial was filed, in which it was sought to set forth a defense to the cause of action; but this motion is not sworn to, although signed by Browne in personam. And although a contest of the grounds alleged as a defense was filed, still the motion was not sworn to. The defense sought to be made was failure of consideration, and should have been sworn to. Rev. St. 1911, art. 1906, § 10.

[2] Furthermore, the answer filed and withdrawn would not have prevented the taking of a default judgment under the law as it existed at the time of these proceedings. So appellant was not injured by the withdrawal of same. We not only do not think the learned trial judge abused his discretion in refusing to set aside the judgment, but was clearly within the law in overruling the motion.

The judgment is affirmed.