## LESTER v. OLDHAM. (No. 1459.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 29, 1919.)

1. EXCEPTIONS, BILL OF &#8258;38—TIME FOR FILING—EFFECT OF FILING FINDINGS.

Under Rev. St. 1911, art. 2075, giving the trial court 10 days after adjournment in which to file his findings, a bill of exceptions to the court's failure to file findings could not be filed before adjournment, and was therefore properly filed after adjournment.

2. TRIAL &#8258;392(1)—FINDINGS OF FACT—DUTY OF APPELLANT.

After the court has entered an order showing a request and authorizing the findings to be filed, the person requesting the findings to be filed need not again call upon the court for or request the findings.

3. TRIAL &#8258;388(1)—FINDINGS OF FACT.

When the proper request is shown, and that the court has failed to file its findings of fact within the time required by Rev. St. 1911, art. 2075, whether he acted arbitrarily or not, his act deprived the aggravated party of a statutory right, and was reversible error.

Error from Randall County Court; C. R. Flesher, Judge.

Suit by L. T. Lester against Grady Oldham. Judgment for defendant, and plaintiff brings error. Reversed.

A. S. Rollins, of Houston, and Veale & Lumpkin, of Amarillo, for plaintiff in error.

Kimbrough, Underwood & Jackson, of Amarillo, for defendant in error.

HUFF, C. J. Plaintiff in error brought suit in the county court on a breach of a contract for the sale of certain stock in the bank in which he alleged he was to have one-half of the profits or dividends on the stock as part of his compensation. The defendant in error replied, setting up usury and certain fraudulent acts. The case was tried before the court without a jury, and judgment was rendered for the defendant in error. In the judgment it is recited that the plaintiff in error gave notice of appeal, and was given 90 days after adjournment of court in which to file statement of facts and bills of exception, and further recited:

"At request of plaintiff, which is here entered, the court will file his findings of fact and conclusions of law which are hereto excepted to and exceptions overruled and entered of record."

There is no statement of facts in the record nor any findings of fact or conclusions of law, but the following bill of exceptions was taken and filed July 13, 1918:

"Be it remembered that upon the trial of the above entitled and numbered cause matters of facts as well as of law were submitted to the court, and, after the court had announced his judgment, the plaintiff in open court requested the court to prepare and file his findings of fact and conclusions of law, which request was made a matter of record, the said case having been tried without the appointment of any official reporter to keep a record of the evidence introduced on the trial, there being a conflict in the evidence.

"Be it further remembered that the trial court failed to file within the time required by law any findings of fact and conclusions of law, but, on the contrary, the court did not file any findings of fact or conclusions of law until the 5th day of June, 1918, the term of the court at which the case was tried having expired on April 27, 1918, to which action of the court in failing to file his findings of fact and conclusions of law the plaintiff excepts, and here now tenders this, his bill of exception No. 1, and asks that the court approve the same and order it filed as a part of the record herein."

[1-3] The court adjourned on the 27th day of April, A. D. 1918. The plaintiff in error assigns as error that, having requested the court to prepare and file his findings of fact and conclusions of law, and the request having been made a matter of record, it is material error for the court to fail to file such findings until more than a month after the adjournment of the term of court at which the case was tried. The defendant in error, in reply to the plaintiff's brief, cites the case of Lumpkin v. Marress, 102 S. W. 1169, as holding that it was the duty of the plaintiff

&#8258;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in error to do all within his power to see that the findings of fact were properly prepared and filed. In that case the bill of exception was taken after adjournment, but within the 20 days allowed for filing bills of exception. The holding therein is based on Landa v. Hermann, 85 Tex. 1, 19 S. W. 885, which holds it was the duty of the party requesting the findings to file a bill of exceptions before adjournment of court. These decisions evidently would not be applicable on that point under the present statute giving the trial court 10 days after adjournment in which to file his findings. Article 2075. A bill of exceptions could not be taken to a failure until it had occurred. The statute and the order of the court granted time in which to file bills of exceptions, and the bill was filed within the time granted. We think the reasons advanced for allowing assignments to the action of the court after adjournment in Moody v. Bonham, 178 S. W. 1020, and Goodman v. Peck, 192 S. W. 785, applicable to this case. The court had until the expiration of 10 days after adjournment to file the findings, and the party cast in the suit may not have known until the time expired that he would not do so, and until that time he could not very well have obtained a mandamus. Wandry v. Williams, 103 Tex. 91, 124 S. W. 85. After the court had entered the order showing a request and authorizing the findings to be filed, we cannot perceive that it would be negligence on plaintiff's part if he did not show that he again called for or requested the findings. It was no more his duty, as we conceive it, than that of the defendant in error, to see that the findings were properly filed. In Wandry v. Williams, supra, in answer to a certified question, the Supreme Court held that it was reversible error not to file such findings. The defendant in error seems to contend that the record should show a refusal, or rather it should show that the court acted arbitrarily. We think, when the proper request is shown and that the court has failed to comply therewith, whether he acted arbitrarily or not, his act had deprived the aggrieved party of a statutory right, which is now generally held to be reversible error. Railway Co. v. Turner, 193 S. W. 1087; Wood v. Smith, 141 S. W. 795; Kyle v. Blanchette, 158 S. W. 796; Bloch v. Bloch, 190 S. W. 528. Some of the cases have held that, where there is a statement of facts, unless it appears therefrom that there had been injury, the case would not be reversed, but it appears that the later opinions hold that, when a proper request is made, the party cast in the suit is entitled as a matter of right to the findings. But, where no statement of facts is filed, we believe it has been generally held that a failure to file findings will be reversible error. Railway Co. v. Highland Dairy Co., 137 S. W. 137; Edwards v. McGuire, 165 S. W. 477; Dennis v. Kendrick, 163 S. W. 693; Beaver v. Supreme Home, etc., 204 S. W. 718.

We have reached the conclusion, reluctantly, that under this record it is our duty to reverse the judgment; and it is accordingly so ordered.