MACKAY TELEGRAPH–CABLE CO. v. PROCTOR. (No. 994.)

(Court of Civil Appeals of Texas. El Paso. May 22, 1919. Rehearing Denied June 12, 1919.)

1. APPEAL AND ERROR ⬡65 — AMOUNT IN CONTROVERSY—COURT OF CIVIL APPEALS.

Where in justice court defendant itemized the two amounts sued for as $90 and an unpaid balance of $15.60 for extra work, but stated the total amount due as $98.64, and defendant in his cross-action asked for judgment for $180 and costs, the amount in controversy brings the case within the jurisdiction of the Court of Civil Appeals.

2. APPEAL AND ERROR ⬡65—JURISDICTION—AMOUNT IN CONTROVERSY—JUSTICE OF THE PEACE.

The question of jurisdiction of Court of Civil Appeals in case originating in justice court is fixed by the amount involved in the justice court.

3. ARMY AND NAVY ⬡24—EMPLOYMENT OF ENLISTED MEN—COMPENSATION PAID.

Where defendant solicited the services as chief night operator of plaintiff, then employed by the United States as censor at the office of defendant, with full knowledge of the law and facts and orders of the military authorities, and the work was actually performed, defendant cannot recover the amount paid for such serv-ices, it not appearing that the services conflict-ed with the federal statute, forbidding enlisted men from engaging in any pursuit in civil life for hire when the same shall interfere with cus-tomary employment.

Appeal from El Paso County Court, at Law; W. P. Brady, Judge.

Suit in justice court by B. Proctor against the Mackay Telegraph-Cable Company, in which defendant filed its answer and cross-action. There was judgment for plaintiff for the amount sued for and against defend-ant on its cross-action, and defendant ap-pealed to the county court, where plaintiff again prevailed, whereupon defendant ap-peals. Affirmed.

Turney, Burges, Culwell, Holliday & Pol-lard, of El Paso, for appellant.

Brown & Wilchar, of El Paso, for appel-lee.

WALTHALL, J. Appellee, B. Proctor, brought this suit in the justice court to re-cover of appellant, Mackay Telegraph-Cable Company, the sum of $90 for labor perform-ed by appellee for appellant for the month of July, 1917, and for certain extra work performed in July in the further sum of $15.60, but alleging the total sum due to be $98.64. The amounts sued for were for wages for work actually performed as night chief operator, at the agreed sum of $90 per month.

Appellant filed its answer, a general de-nial, and cross-action, in which appellant alleged that during the months of May, June, and July, 1917, appellee was employed by the United States government as censor at the office of appellant; that appellant had erroneously paid appellee $90 per month for May and June, 1917, and did not owe appel-lee anything for the month of July except the sum of $15.60 for extra work, and asked judgment for $180, the amount erroneously paid for the months of May and June, 1917. Appellee recovered in the justice court, and it was adjudged that appellant take nothing on its cross-action. An appeal was duly per-fected by appellant to the county court. The county court gave a peremptory instruction against appellant's cross-action, and on spe-cial issues submitted the jury found substan-tially as follows: That appellant, through its manager, R. H. Cornwall, entered into a contract with appellee at or about the time he enlisted in the army (the date not found) by which appellant agreed to pay appellee the sum of $90 per month. Appellant, after notifying appellee on July 14, 1917, it would not pay him for services as night chief op-erator, received notice from appellee that he would not work for appellant except they paid him. Appellant, subsequently to said notice, received and accepted the services of appellee as chief night operator, with the agreement and understanding that he would be paid by appellant for his services. The military superior officer of appellee notified

appellee (the date not found) that he could not receive pay from appellant for services as night chief operator.

In addition to the above findings the evidence discloses the following: For some months prior to April, 1917, appellee was night chief operator for appellant at El Paso. In the month of April, 1917, at the suggestion of the manager of appellant company, appellee applied to become, and was appointed, censor in the United States army and assigned at El Paso. The date of the appointment as censor is not shown. It was the understanding between appellee and the manager of the appellant company at El Paso that if appellee received the appointment as censor the company would continue to pay appellee his monthly salary of $90 per month as long as he continued to perform for the company the service of night chief operator. After receiving his appointment as censor with the government, appellee continued to perform his duties for appellant as night chief operator in addition to his duties as censor for the government. The services as stated continued without change or interruption during the months of May and June and until some time in July, date not made clear by the evidence, when an order was issued by Maj. A. Clifton, of the Signal Corps, El Paso District, to the effect that military censors would devote all of their time while on duty to the censoring of messages for the government, and that no other work must be done during that time, until the decision of the chief censor at Washington could be had. After the receipt of the above order appellee informed Mr. Cornwall, appellant's manager, and himself, then a government censor, that he could not do the work as night chief operator for the company. Mr. Cornwall immediately took the matter of appellee's continued service as night chief operator up with Maj. Clifton, with the result that appellee was excused from the operation of the above order. Appellant paid appellee $180 for his services rendered the appellant for the months of May and June. Judgment was rendered for appellee for $98.64 and against appellant on its cross-action.

## Opinion.

[1] Preliminary to the questions presented by appellant, appellee suggests that this court is without jurisdiction for the reason that the amount in controversy does not exceed $100, exclusive of interest and costs. We think the amount in controversy brings this case within the jurisdiction of this court. In the justice court, appellee itemized the two amounts sued for as $90 and an unpaid balance of $15.60 for extra work, but stated the total amount due was $98.64. Appellant made general denial, and filed its cross-action in the justice court, asking judgment against appellee for $180 and costs of suit.

[2] The question of jurisdiction is fixed by the amount in controversy in the justice court. It was held in Texas & Pacific Ry. Co. v. Hood, 59 Tex. Civ. App. 363, 125 S. W. 982, that the correct sum of the items set out in the body of the pleading will control in ascertaining the amount sued for, rather than in a statement of the aggregate amount sued for. If the rule stated applies here, appellee really sued for $105.60, although he stated the aggregate amount sued for to be $98.64. However, appellant's cross-action was for an amount sufficient to give this court jurisdiction. Crosby v. Crosby, 92 Tex. 441, 49 S. W. 359; Ford v. Johnston, 164 S. W. 424; Bledsoe v. Railway Co., 6 Tex. Civ. App. 280, 25 S. W. 314.

[3] The other questions presented by appellant arise on the peremptory instruction given on appellant's cross-action. The insistence is that appellee was an enlisted soldier in the United States Army Signal Corps, and in said service was censor of appellant, and, while such enlisted soldier, could not be an employé of appellant; that under the pleadings and evidence it was shown that appellant paid appellee for his services for the months of May and June the sum of $180, the amount sued for, under the mistaken belief that appellee was entitled to compensation from appellant, as well as from the government. The federal statute (Act June 3, 1916, c. 134, § 35, 39 Stat. 188 [U. S. Comp. St. 1918, § 1892f]), invoked by appellant under this assignment reads:

"Hereafter no enlisted man in the active service of the United States in the Army, Navy, and Marine Corps, respectively, whether a noncommissioned officer, musician, or private, shall be detailed, ordered, or permitted to leave his post to engage in any pursuit, business, or performance in civil life, for emolument, hire, or otherwise, when the same shall interfere with the customary employment and regular engagement of local civilians in the respective arts, trades, or professions."

The hours for the military censors, as fixed by the order of Maj. Clifton, were from 7:30 a. m. until close of business, at 9:30 p. m. It is not shown by the record that appellant's duties as night chief operator conflicted in point of time with his duties as censor. And we take it that it did not, as the undisputed evidence is that, on the application of Mr. Cornwall, appellant's manager at El Paso, appellee was excused from the order directing that the censors should perform no other work during the hours of their service, had the two services conflicted. The evidence does not show the hours during which appellee served the company as night chief operator. There is no suggestion that the service was not satisfactorily ren-

dered, but the contrary appears. The undisputed evidence also shows that to perform the service of night chief operator appellee was not required to leave his post; nor does it appear that the service of night chief operator in any way interfered with the customary employment or regular engagement of local civilians in that character of service, but rather the contrary is shown, inasmuch as there was a scarcity of operators, and it was the desire of the government to place men as censors who understood telegraphy.

We believe the evidence shown in the record does not bring appellee within the inhibition of the statute, or the military orders shown. Appellant solicited the service of appellee for the months of May and June, with a full knowledge of the law and the facts, and the orders of the military authorities, and voluntarily paid appellee, as it had agreed, for work actually performed. We see no reason why appellant should have a judgment for the amount so paid.

If the remarks of counsel for appellee were objectionable, we think they did not cause the rendition of an improper verdict.

No reversible error appearing in the record, the judgment is affirmed.