## MARVIN v. KENNISON BROS.   (No. 1805.)

(Court of Civil Appeals of Texas. Amarillo. April 27, 1921.)

**1. Appeal and error ⬾597(1)—Courts ⬾85(1)—Appellant may present in brief, without incorporation in transcript, assignment of error arising after judgment; interpretation of statute by Supreme Court in its rules is binding on Court of Appeals.**

Under Supreme Court rule 101 (142 S. W. xxiv), as amended to conform to article 1612, Rev. St. 1911, as amended, Acts 33d Leg. (1913) c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), providing that assignments of error relating to any ruling or action of the trial court which occurred subsequently to the rendition of a final judgment may be incorporated in the brief filed in the Court of Civil Appeals without being incorporated in the transcript, appellant could present in his brief, without incorporating in the transcript, an assignment of error relating to the failure of the court after final judgment to file findings

of fact and conclusions of law, as requested by appellant, the rule being a construction of the statute, and binding on the Courts of Civil Appeal.

**2. Appeal and error ⬳722(1)—Statute requiring appellant to rely on assignment of error as made in motion for new trial directory.**

Under Rev. St. 1911, art. 2113, providing that the transcript "shall contain" the assignments of error, 'and article 1612, as amended by Acts 33d Leg. (1913) c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), providing that appellant "shall" file with the clerk all assignments of error before taking out the transcript, but that when a motion for new trial has been filed the assignments therein "shall constitute the assignments of error, and need not be repeated," appellant's brief need not present the assignment in the motion for new trial, the statute being simply directory.

**3. Trial ⬳388(1)—Failure of judge to file findings of fact and conclusions of law within 10 days after adjournment held error.**

Under Rev. St. 1911, art. 2075, the failure of the trial judge, upon demand of appellant, to file his findings of facts and conclusions of law within 10 days after adjournment of the term at which the cause was tried, was reversible error.

Appeal from Dallas County Court; T. A. Works, Judge.

Action by J. E. Marvin against Kennison Bros. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

O. F. Wencker and T. F. Monroe, both of Dallas, for appellant.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellees.

HUFF, C. J. This appeal is by appellant Marvin, from a judgment of the county court of Dallas county at law, decreeing that he take nothing by his suit. The record shows it was tried before the court without the intervention of a jury. The appellant made a proper request for findings of fact and conclusions of law, which were noted on the judge's docket, and properly entered by an order. The court adjourned without the judge thereof having complied with the request, and he did not do so within 10 days after adjournment of the court. The appellant presented to the trial judge a bill of exception in vacation, which presents all the necessary facts, and which the trial court approved, and ordered filed.

The only assignment presented in this court is one assailing the action of the court in failing to file findings of fact and conclusions of law. This assignment does not appear to have been filed with the clerk of the court below, but is only copied in the brief of appellant, which was filed with the clerk thereof May 17, 1920. The term of the trial court at which the case was tried adjourned February 28, 1920. The bill of exception was approved by the trial judge and filed in that court March 29, 1920, but the bill shows that it was presented to the judge March 13, 1920. The indorsement on the transcript shows appellant applied to the clerk for the transcript on that day, which was delivered to him on the 13th day of May, 1920, and filed in the Court of Civil Appeals for the Fifth district May 26, 1920.

While this case was before the Court of Civil Appeals for the Fifth district, and before transfer to this court, the appellees presented their motion to strike out the assignment contained in appellant's brief, and to strike out his brief because the appellant does not present an assignment of error distinctly specifying the grounds upon which he relied, and because the transcript does not contain the assignments of error relied upon as required by article 2113, R. C. S., and other statutes relating to assignments of error, and rules 23, 28, and 39 (142 S. W. xii, xiii), and because so much of rule 101, (142 S. W. xxiv) relating to practice in the district and county courts, as provides "that assignments of error or cross-assignments relating to any rule or action of the trial court or trial judge, which occurred subsequently to the rendition of a final judgment in the case, may be incorporated in the brief filed in the Court of Civil Appeals, without being included in the transcript," is in derogation of the plain provision of articles of the statutes, and other rules of the court above referred to, and is void. The certified orders from that court show the motion of the appellee, which is indorsed "A motion to dismiss appeal," was considered and overruled. On the jacket in which the transcript is inclosed we find an indorsement to the effect that the motion to dismiss appeal is overruled, and the sufficiency of the assignment of error will be considered with the merits of the case. So, we take it, whether the assignment shall be considered is left for determination upon considering the appeal. This also seems to be appellant's interpretation of the orders of that court.

[1] Under rule 101, above quoted, appellant was clearly authorized to present the assignment in his brief without bringing it up in the transcript. After the amendment of article 1612 by the 33d Legislature, which took effect April 4, 1913, the Supreme Court, on June 25, 1913, amended rule 101, evidently to conform to the statutes as amended. The rule as amended, reads:

"The appellant, or plaintiff in error, shall file his assignments of error in the trial court as provided by article 1612 of the Revised Civil Statutes of 1911, as amended by chapter 136 of the Acts of the 33d Legislature (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612); and the appellee, the defendant in error, may file cross-assignments with the clerk of the

trial court, which assignments may be incorporated in his brief, and need not be copied in the transcript. Provided that assignments of error or cross-assignments relating to any ruling or action of the trial court or trial judge which occurred subsequently to the rendition of a final judgment in the case may be incorporated in the brief filed in the Court of Civil Appeals, without being incorporated in the transcript."

This is clearly a construction of the statute by the Supreme Court, and, we think, binding upon the Courts of Civil Appeals, until the Supreme Court shall see proper to change the rule.

[2] It is true article 2113 provides that the transcript "shall contain" the assignments of error, and article 1612, as amended provides that the appellant "shall" file with the clerk all assignments of error before taking out the transcript. That article further provided when a motion for new trial has been filed the assignments therein "shall constitute the assignments of error, and need not be repeated," etc. This court, and most of the Courts of Civil Appeals, treated the statute as requiring the brief to present the assignment in the motion for new trial without the necessity of presenting the same in a separate instrument; that is, that the courts were required to follow the mandate of the statute. Edwards v. Youngblood, 160 S. W. 288. But the Supreme Court has pointed out our error. Hess v. Turney, 109 Tex. 208, 203 S. W. 593, which is followed by the Commission of Appeals in Barkley v. Gibbs (Com. App.) 227 S. W. 1099; Green v. Hall (Com. App.) 228 S. W. 183. It is pointed out by the Supreme Court that the provision requiring appellant to rely upon the assignment in the motion for new trial as made was simply directory. Under this holding, as we conceive it, in so far as the courts are concerned, they are not benefited by the amendment; if anything, worse off. The act would appear to be more for the benefit of appellant and his lawyer, but, as evidenced by amendment of the rule, that court evidently interpreted the statute which requires the assignment to be filed with the clerk and brought up in the transcript as directory only, in so far as it related to matters occurring after the judgment of the trial court. At any rate, we see no other interpretation to be given to the rule than that given by the Austin Court of Civil Appeals in Moody v. Bonham, 178 S. W. 1020, and by this court in Goodman v. Peck & Co., 192 S. W. 785; Lester v. Oldham, 208 S. W. 575.

[3] It would seem, also, the error assigned is fundamental, and is apparent of record. The demand and failure to file the findings is apparent of record. The statute granted the party the right to request such finding, and it is error upon the part of the trial court not to do so, especially where there is no statement of facts, as in this case. Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Scroggins v. Neece L. Co., 138 S. W. 789; Lester v. Oldham, 208 S. W. 575.

The judgment will be reversed and remanded.