## PETERS v. LYLES–MADRY IMPLEMENT CO.

No. 12468.

Court of Civil Appeals of Texas. Fort Worth.

May 16, 1931.

Rehearing Denied June 13, 1931.

W. W. Alcorn and M. Kleberg, both of Fort Worth, for appellant.

W. M. Short and H. M. Harrington, both of Fort Worth, for appellee.

BUCK, J.

The Lyles-Madry Implement Company, a corporation, sued C. C. Peters, and for cause of action pleaded that defendant executed and delivered to plaintiff a promissory note in the sum of $210.40 on May 21, 1929, due and payable at Fort Worth on June 4, 1929, bearing interest at 8 per cent. per annum from July 21, 1928, until paid, and provided for 10 per cent. additional on the amount of principal and interest then due, as attorney's fees, if placed in the hands of an attorney for collection, or if suit be brought on the same. That said note was executed in evidence of and in consideration of indebtedness then owing by said defendant to plaintiff. The note was set out in the pleadings as follows:

"$210.40    Fort Worth, Tex., May 21, 1929.

"On the fourth day of June, 1929, for value received, I promise to pay to Lyles-Madry Implement Company or order at Fort Worth, Texas, Two Hundred Ten 40/100 Dollars with interest at the rate of 8 per cent. per annum from July 21, 1928, until maturity and 10 per cent. per annum thereafter. In case this note is placed in the hands of an attorney for collection, or if collected by suit, I agree to pay 10 per cent. additional as attorney's fees. This is given to secure the purchase money for the following described property.

"Ledger Account—purchased of said payee, who, the better to secure the payment of the same, hereby retains a lien on said articles which I hereby acknowledge to subsist.

It is agreed that a sale, removal from coun-

ty, or legal seizure of said property or default in the payment of this note shall authorize the holder of it to take possession of the property herein conveyed without process of law and to sell the same either at private or public sale with or without notice and to apply the proceeds of such sale to the payment of this note and all other debts I now owe Lyles-Madry Implement Co. Any surplus after satisfying said note and interest thereon and all costs of sale, to be turned over to the maker hereof. This note is one of a series of —— notes executed this day and it is expressly agreed that if it is not paid at maturity all notes in said series shall, at the option of the holder, become due and payable at once.

"Post Office: Fort Worth, Texas.

"County: Tarrant.

"[Signed]     C. C. Peters."

That on May 21, 1929, defendant executed and delivered to plaintiff his other promissory note for the sum of $235, payable to plaintiff at Fort Worth and due on September 1, 1929, bearing interest at the rate of 10 per cent. per annum from date until paid, and providing for the usual 10 per cent. attorneys' fee on the principal and interest if placed in the hands of an attorney. This note is set out in the pleadings and is as follows:

"$235.     Fort Worth, Tex., May 21, 1929.

"On the first day of September, 1929, for value received, I promise to pay to Lyles-Madry Implement Co. or order at Fort Worth, Texas, Two Hundred Thirty-five no/100 dollars, with interest at the rate of 10 per cent. per annum from date until maturity and 10 per cent. per annum thereafter.

"In case this note is placed in the hands of an attorney for collection or if collected by suit, I agree to pay 10 per cent. additional as attorney's fees. This note is given to secure the purchase money for the following described property:

"One three folding rake, one twelve foot forty tooth rake,

"One Dain Jumbo Power Lift rake, purchased of the said payee, who, the better to secure the payment of the same hereby retains a lien on said articles which I hereby acknowledge to subsist.

"It is agreed that a sale or removal from county or legal seizure of said property or default in the payment of this note shall authorize the holder of it to take possession of the property herein conveyed without process of law and to sell the same either at private or public sale with or without notice and to apply the proceeds of such sale to the payment of this note and all other debts I now owe Lyles-Madry Implement Co. Any surplus after satisfying said note and interest thereon and all costs of sale, to be turned over to the maker hereof. This note is one of a series of —— notes executed this day and it is expressly agreed that if it is not paid at maturity all notes in said series shall, at the option of the holder, become due and payable at once.

"Post Office: 1619 Pa. Ave. City.

"County: Tarrant

"[Signed]     C. C. Peters."

Plaintiff filed an affidavit and bond in attachment against defendant on September 12, 1929, and levied on 40 tons of hay which was located on defendant's farm, some six or seven miles from Fort Worth. The defendant filed a replevy bond and retook possession of the hay.

Defendant demurred generally to the sufficiency of plaintiff's pleading and pleaded a general denial, and also pleaded damages by reason of alleged false and untrue affidavit, to the effect that the defendant did not have property in his possession within this state subject to execution sufficient to make plaintiff's alleged debt. In this cross-action he asked for actual damages in the sum of $450 and exemplary damages in the sum of $525, aggregating $975.

Judgment was entered on March 13, 1930, for plaintiff, and the judgment recited that it appearing to the court that plaintiff's cause of action was liquidated and evidenced by one promissory note in the sum of $210.40, etc., and another promissory note in the sum of $235, etc., and that said note last mentioned had been executed as part payment of the purchase money for one three-wheel John Deere folding rake, one twelve-foot forty-tooth John Deere rake, and one John Deere Dain Jumbo power lift rake; that the payment of said last-named note was further secured by a chattel mortgage executed by defendant upon the property above described and duly filed in the office of the county clerk of Tarrant county. The principal, interest, and attorney's fees of the first note amounted to $262.04, and the principal, interest, and attorney's fees on the second note above amounted to $279.45. The court also foreclosed the chattel mortgage lien upon the property above described and gave judgment not only against the defendant but against his bondsmen on the replevy bond. The court denied defendant's cross-action. From this judgment the defendant has appealed.

### Opinion.

In 11 Texas Jurisprudence, pp. 755, 756, it is said: "On the other hand the court may consider a cross-action or a plea in reconvention within its jurisdiction. And if the demand made by the cross-action or plea in reconvention is within the jurisdiction of the court it confers on the court jurisdiction for all purposes, and the defendant may not on appeal object that the plaintiff's pleadings showed an amount in controversy below the jurisdiction of the court."

See Mackay Telegraph-Cable Co. v. Proctor (Tex. Civ. App.) 212 S. W. 547; Brunson v. Dawson State Bank (Tex. Civ. App.) 175 S. W. 438; Joyce v. Hagelstein (Tex. Civ. App.) 163 S. W. 356, writ of error refused.

We therefore overrule the first proposition, which is directed to the action of the trial court in overruling the general demurrer because plaintiff's petition did not allege the value of the property upon which plaintiff sought a foreclosure. Even though plaintiff did not allege the value of such property, defendant, by his cross-action, supplied the omission. Therefore, we overrule the second proposition.

In the third proposition, it is said: "To maintain action upon a note, it is necessary to aver some act on the part of the appellant which will fix liability on him; such as that he made and executed the note, showing that it was his act and deed, and it must be averred that appellee (plaintiff) is the owner and holder of such note, or has an interest in the note and mortgage."

Plaintiff alleged that the defendant executed the notes in controversy and delivered them to plaintiff. The notes, as set out in the petition, are made payable to plaintiff and are signed by the defendant. In 6 Texas Jurisprudence, p. 904, § 239, it is said: "In conformity with an elementary rule of pleadings that the liability of the defendant to the plaintiff on the cause of action in suit, must be distinctly averred, and that the plaintiff's right of action will not be inferred from an alleged right of action existing in favor of other parties, the petition should allege ownership of the paper in the plaintiff; otherwise the petition is bad, as against a general demurrer. * * * And in a suit by the payee, ownership is sufficiently averred by an allegation that the note sued on was executed and delivered to the plaintiff by the defendant."

See 6 Texas Jurisprudence, p. 905, § 240, where it is said: "When it appears in the petition that the plaintiff is the payee of the papers sued on, he need not in terms allege that he is the owner, but ownership is, as a general rule, sufficiently averred by an allegation that the note sued on was executed and delivered to the plaintiff by the defendant."

See Texas Land & Cattle Co. v. Carroll & Iler, 63 Tex. 48, loc. cit. 52; Barton v. Pochyla (Tex. Civ. App.) 243 S. W. 785; 8 Corpus Juris, 986, § 1159.

In appellant's fourth proposition he claims that "plaintiff nowhere alleges in its petition that the amount of the notes sued for is unpaid, so it has failed to allege a cause of action against defendant." Plaintiff does allege: "Although both of said notes are past due and payable, the said defendant has failed and refused to pay the same or any part thereof." We think such allegation is sufficient to meet this objection.

The fifth proposition is that the court erred in overruling defendant's general demurrer for the reason that plaintiff nowhere alleges in its petition a demand and refusal of payment of said notes sued on, so states no breach of contract, and consequently states no cause of action against defendant. The two notes sued on were alleged to have been executed by the appellant and to have been payable to appellee or its order. Therefore it was not necessary to state a cause of action that the petition should allege that demand had been made upon appellant to pay said notes. The necessity of presentment to the maker of a note for payment has been dispensed with by the Negotiable Instrument Act, article 5937, § 70, Revised Statutes, 1925, which reads as follows: "Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. Except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and indorsers."

See 6 Tex. Jur. 878, § 220; same authority, p. 916, § 249; 8 C. J. 527, § 741, where it is said: "Presentment or demand is not necessary to hold the acceptor of a bill or maker of a note payable generally."

See Hackett v. Dennison, 19 S.W.(2d) 541, by the Kansas City, Mo., Court of Appeals.

The sixth proposition is: "The court erred in rendering judgment by default against the defendant, where he had an answer then on file, and no evidence was offered to prove plaintiff's cause."

It is not shown that the judgment was by default. The judgment recites "that plaintiff, a corporation, appeared by attorneys, and also the defendant, by his attorney, and all parties announced ready for trial," etc. It is further not shown that no evidence was admitted. We overrule this assignment. See Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Day v. Cooper (Tex. Civ. App.) 175 S. W. 485; Browne v. McGuire (Tex. Civ. App.) 181 S. W. 479.

It seems to the court that the judgment should be affirmed, and it is so ordered.