A. TOBLER AND ANOTHER V. E. D. STUBBLEFIELD, ADM'R, ETC.

1—I was error to render a judgment by default when the citations were made returnable on a day other than that on which the court was to be holden according to law.

2—Where the petition misdescribed the date of the note sued on, a judgment by default was set aside, with leave to the plaintiff to correct the misdescription by amendment.

3—A note given for the hire of negroes as slaves, for the year 1863, was founded on a lawful and valid consideration.

4—The plaintiff alleged in his petition that he was administrator *de bonis non* of an estate, and in that capacity he sued upon a note payable to another person as administrator of the same estate. No plea or answer was interposed denying the allegation in the petition. *Held,* that there was no necessity for the plaintiff to prove the allegation.

ERROR from Bell. Tried below before the Hon. Thomas Harrison.

The defendant in error described himself in his petition as administrator *de bonis non* of the estate of John Houchins, deceased, and sued on a note made by Albert Tobler and Abner Kuykendall to E. S. Knowles, administrator of the estate of John Houchins, deceased, for $525, dated December 2d, 1862, for the hire of two slaves of the estate for the year 1863. The citations were made returnable on the first Monday of March, whereas the time fixed by law for the term of the court was the second Monday after the first Monday.

The note really bore date on the 28th of December, instead of the 2d, as stated in the petition. All other facts of any significance appear in the opinion.

*McFarland & Saunders,* for the plaintiffs in error.

*Chamberlin & Flint* and *Hancock & West,* for the defendant in error.

LINDSAY, J.—This is a suit upon a note against two joint and several obligors. The note was executed on the 28th day of

December, 1862, for the hire of two slaves for the year 1863. Before judgment, the citations were returned " executed." Cotemporaneously with the institution of the suit, a writ of attachment was sued out against one of the obligors upon an allegation that he was about to remove from the county, and thereby the plaintiff would probably lose his debt. A writ of garnishment was also run against an alleged debtor of the same obligor. The attachment was not executed. But the writ of garnishment was returned "served " upon the alleged debtor. All parties defendant made default, and judgment for the amount of the note, as claimed in the petition, was entered against the joint obligors and the garnishee.

There are nine errors assigned ; and, upon an inspection of the record, it is most manifest most of the assignments are well made. The first two are wholly unimportant, as they relate to the attachment, which was never executed, and, therefore, as a provisional and ancillary remedy, only failed of its purpose. But it appears that the citations, both original and ancillary, were made returnable on days *non dies juridici.* The court, by law, was holden on one day, and the process to be served, and which was served, in its precept, directed the return to be made upon another day.

A judgment founded upon such process ought not to be permitted to stand. It would certainly be most unjust against the garnishee, who may have been thus deprived of showing, by his response to the writ, whether he was indebted at all; and if so, how much, to his co-defendant. Besides all this, no amount of indebtedness is specifically set forth in the affidavit for the writ of garnishment; and though in blank, a judgment is rendered against him for the entire demand against the obligors, upon the return of an illusory process to answer. The petition also needs amendment. It mis-described the note introduced as evidence. The eighth and ninth assignments are not well taken. The consideration for which the note was given was, at the time of its execution, strictly legal. And the statement, or averment, in the petition, that the plaintiff

was the administrator *de bonis non*, uncontradicted by answer, or plea, was sufficient without proof. If he were not so, it was matter of defense.

The judgment is reversed and remanded for new proceedings in conformity with this opinion.

Reversed and remanded.