Missouri, Kansas & Texas Railway Company of Texas v. J. M. Perry.

Decided May 11, 1907.

**1.—Railroads—Nuisance—Limitation.**

In the case of the construction by a railroad company of a water-tank and turntable on its right of way in such proximity to private property as to constitute a nuisance, limitation would not begin to run until the establishment of such structures.

**2.—Same—Damage to Private Property.**

The construction by a railroad company of a water-tank and turntable,

even though on its own right of way, in such proximity to private property as to depreciate the value of the same and to cause the occupants of the dwelling thereon annoyance and discomfort, will give the owner of the property a cause of action against the company.

### 3.—Same—Measure of Damage.

Where a railroad company constructed a water-tank, and about a year thereafter a turntable on its right of way, the jury are justified, in arriving at the damage resulting from both to private property, in deducting from the value of the property before the erection of the water-tank the value of the property after the construction of the turntable, as the proper measure of damage.

### 4.—Same—Double Cause of Action.

A recovery against a railroad company for injury to real estate occupied by the plaintiff and for personal annoyance, is not a double recovery.

### 5.—Railroads—Nuisance—Liability.

A railroad company is liable to the owners of private property for annoyance, discomfort, etc., if the same amount to a nuisance, without regard to the degree of care exercised by the company.

### 6.—Variance.

Where a plaintiff sues for damages resulting to himself and wife alone from a nuisance, the admission of evidence to prove, and a charge authorizing a recovery for damages to the entire family, is reversible error.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*T. S. Miller* and *Spoonts, Thompson & Barwise,* for appellant.— If plaintiff below could recover at all for the establishment and use of a water tank, it would have to be upon the ground that same was operated and maintained in a wrongful, negligent and improper manner, and the mere fact of the operation of such structures would not warrant a recovery for permanent damages, as submitted by the court. Cassidy v. Old Colony Ry. Co., 141 Mass., 177; Boston v. Richardson, 13 Allen, 146-160; Lewis, Em. Dom. (2 ed.), sec. 576.

There was error in the second paragraph of the court's charge, wherein the jury were allowed to award plaintiff damages for personal annoyance and discomfort to plaintiff and his family, which said charge was erroneous for the reason that if plaintiff recovered for the depreciation of the value of his property, such depreciation was naturally and necessarily caused by reason of personal annoyance and discomfort, and a recovery for depreciation and also personal annoyance and discomfort under the facts in this case, would be a double recovery. St. Louis, S. F. & T. Ry. Co. v. Shaw, 99 Texas, 559; Grossman v. Houston, O. L. & M. P. Ry., 99 Texas, 643.

*Rowland & Myers* and *Simmons & Clendenen,* for appellee.—The turn-table and other structures complained of by appellee, not being such as appellant was required by law to construct at any particular place, and having voluntarily located the same adjacent to plaintiff's residence so that the operation of the same destroyed the comfortable enjoyment of appellee's home and depreciated its value, and appel-

lant having failed to show a necessity for its construction and maintenance at that place, its acts constituted an actionable nuisance. Missouri K. & T. Ry. Co. v. Anderson, 36 Texas Civ. App., 121; Missouri K. & T. Ry. Co. v. Calkins, 79 S. W. Rep., 852; Rainey v. Red River T. & S. Ry. Co., 80 S. W. Rep., 95; Daniel v. F. W. & R. G. Ry. Co., 96 Texas, 327; Missouri K. & T. Ry. Co. v. Mott, 98 Texas, 91; L. & N. T. Ry. Co. v. Lellyett, 1 L. R. A. (N. S.), 49 and note; Baltimore & P. Ry. Co. v. Fifth Baptist Church, 108 U. S., 317; Louisville & N. T. Co. v. Jacobs, 61 L. R. A., 188.

In the absence of evidence of any change in the market value of appellee's property except that resulting from the erection and maintenance by appellant of the structures complained of, the court properly instructed the jury that the measure of appellee's damages was the value of the property just before the erection of the first of the structures causing the nuisance, and just after the completion of the last of such structures. Ft. Worth & R. G. Ry. Co. v. Greer, 75 S. W. Rep., 552.

In choosing a location for its switch yards, round-houses, water-tank, turn-tables and similar structures, a railway company acts in its private, as distinguished from its public, capacity, and stands in exactly the same legal position as a private individual making a similar use of his own premises would occupy. Daniel v. Ft. Worth & R. G. Ry. Co., 96 Texas, 327; Missouri K. & T. Ry. Co. v. Anderson, 36 Texas Civ. App., 121; Rainey v. Red River T. & S. Ry. Co., 99 Texas, 276.

SPEAR, ASSOCIATE JUSTICE.—J. M. Perry filed suit in the District Court of Tarrant County against the Missouri, Kansas & Texas Railway Company of Texas to recover damages to a lot owned by him and occupied as a homestead near the tracks and property of the defendant company. He alleged that his residence was about forty feet from the line of the railway company's right of way and about sixty feet from the railroad track on said right of way; that prior to May 1, 1904, the railway company had no side tracks, switches, water tanks, turn-table or other structures on its right of way near his said property, but only had its main line track on said right of way and made no use of its said right of way near his residence except to run trains over the main line in the ordinary course of its business; but that about May 1, 1904, the defendant company constructed and thereafter maintained certain side tracks on its right of way in close proximity to his property, and also constructed and since maintained a large overground water tank used for the purpose of supplying water to the defendant's engines, and that the tracks in front of his property have been used as a substitute for a roundhouse and place for storing its engines, while they were being cooled and while steam was being blown off and ashes and cinders emptied therefrom, and that the water tank was constantly used for the purpose of supplying engines with water; that on about October 1, 1905, the defendant excavated a large and deep hole in its right of way immediately in front

of his home and about forty feet from his front door and piled the dirt from such excavation in great unsightly mounds near his property and placed on the right of way beside said excavation a large turn-table to be used for the purpose of turning great numbers of its engines at all times of the day and night; that by reason of the use made by defendant of its said side tracks a large number of engines and tanks or tenders are at all times of the day and night standing in front of his residence or moving on defendant's tracks near the same, the engines making loud and unusual noises at all times of the day and night, emitting great and dense volumes of smoke, noxious and offensive vapors, cinders, ashes and soot, the result of which is that his premises are almost constantly enveloped and permeated with smoke, ashes and soot, soiling and making dirty all persons and things on said premises, etc.; that the employes of the defendant permit large quantities of water to escape from said water tank, which stands in stagnant pools in front of his residence; in consequence of which he alleges that his property has been depreciated in value to the extent of one thousand dollars, and that he and his wife have suffered and are still suffering great personal annoyance, discomfort and inconvenience to their damage five hundred dollars, for which sum he prays judgment.

The defendant answered by general demurrer and by special answer set up the fact that plaintiff had purchased his property long after its purchase of the right of way and construction of the line of railway along in front of his property, and that whatever depreciation occurred to said property happened and was caused prior to the purchase by plaintiff; that when said right of way was purchased and its line of railway constructed, it was in contemplation of defendant, as well as of the parties who might or did own property in that vicinity, that said right of way would be used for the purpose of operating a line of railway over it, which would include buildings, side tracks, switches, turn-table, water tanks, etc., and that the depreciation to all of said adjoining property arose at the time of the building and construction of said line of railway, and that plaintiff could not be heard to complain of same and was long since barred by the statute of limitation.

There was a trial before a jury, resulting in a judgment in plaintiff's favor for the sum of four hundred dollars damage to his property and the sum of two hundred and seventy-five dollars for personal discomfort and annoyance. From this judgment the defendant has appealed.

The first and second assignments of error must be overruled upon the authority of the Supreme Court decision in Texas & Pac. Ry. Co. v. Edrington, not yet reported. The facts of this case bring it very clearly within the principles of law announced in that decision. The establishment by appellant of its turn-table and water tanks in such proximity to appellee's property as to depreciate its value gave rise to a cause of action in his favor, and the court committed no error in submitting such questions to the jury. We construe appellee's allegations and his proof to be sufficient to

show that the construction and maintenance of the turn-table and the water tank depreciated the value of his property.

We find nothing in the court's charge on the measure of damage that was calculated to mislead the jury. The measure of damage undoubtedly was, as defined by the charge, the difference between the value of the property just before and just after these structures were made. The fact that the turn-table was put in about a year after the water tank may, and perhaps did cause the jury to adopt the construction of the charge suggested by appellant as the proper measure of damage; that is, the depreciation in the value of the property by reason of the installation of the water tank plus the further depreciation a year later caused by putting in the turn-table. At any rate, in this day of rapidly advancing prices of land in Texas we fail to see how appellant has suffered, if the jury adopted the method of computation suggested by appellant of ascertaining the value of appellee's property before any of the structures were built and deducting therefrom the value of the property after they were all built. It has heretofore been determined by our Supreme Court that a recovery in a case like this both for depreciation in the value of the property and for personal annoyance and inconvenience is not a double recovery. Daniel v. Ft. Worth & R. G. Ry. Co., 96 Texas, 327. We also construe the holding of our Supreme Court to be that such recovery may be had for personal annoyance, discomfort, etc., without reference to the degree of care exercised by the defendant company, if the maintenance of the structures complained of amount to a nuisance. Daniel v. Ry., *supra;* Rainey v. Red River, T. & S. Ry. Co., 80 S. W. Rep., 95.

By the second paragraph of the court's charge appellee was authorized to recover for personal annoyance and discomfort to himself and family, while his petition only claimed damages in this respect for injuries to himself and wife. Under his own evidence the matter becomes material, since he testified that his family consisted of himself, his wife, two daughters and a son-in-law. We have no means of knowing that the jury did not allow damages for the personal annoyance and discomfort to the daughters and son-in-law. Indeed, the charge authorized them to do so. This, however, would only affect the judgment on this issue and would not call for a reversal in toto. The judgment of the District Court is therefore affirmed as to the sum of four hundred dollars for depreciation in the value of appellee's property, with interest thereon from the date of the judgment, but upon the issue of personal injuries to appellee and his wife the judgment is reversed and the cause remanded for another trial.

> *Affirmed in part and reversed and remanded in part.*

Conner, Chief Justice, not sitting.

Writ of error refused.