## W. R. KEMP v. A. H. EVERETT.

### Decided March 2, 1910.

**1.—Findings—Failure to Make—Bill of Exceptions.**

Failure of the court to make findings of fact and law, though the record show a request that he do so, is not ground for reversal in the absence of a bill of exceptions reserved on such failure.

**2.—Same.**

Though the statute gives the judge ten days after adjournment in which to file his conclusions, Act of May 14, 1907, Laws Thirtieth Leg., p. 446, and bills of exception could only be filed in term time unless by order entered on the docket granting time after adjournment, it seems that the judge would have power to allow such bill after adjournment, the default complained of not occurring during the term.

Appeal from the District Court of Blanco County. Tried below before Hon. Clarence Martin.

*L. Koenige* and *Will G. Barber,* for appellant.—It is the duty of a trial court, whenever requested so to do, to file conclusions of law and fact in the cause. Rev. Stats., art. 1333; Werner Stave Co. v. Smith, 120 S. W., 247; Wandry v. Williams, 103 Texas, 91.

*N. T. Stubbs* and *Geo. E. Shelley,* for appellee.—Upon appeal, the Court of Civil Appeals will not consider an assignment of error complaining of the failure of the trial court to file findings of fact and conclusions of law, in the absence of a proper bill of exceptions in the record presenting such complaint. Landa v. Heermann, 85 Texas, 1; Cotulla v. Goggan, 77 Texas, 32; Lumpkin v. Marress, 102 S. W., 1169; Texas & P. Ry. Co. v. Shawnee Cotton Oil Co., 55 Texas Civ. App., 183.

RICE, ASSOCIATE JUSTICE.—Appellee obtained judgment at the February term, 1909, of said court against appellant for the sum of $1,428.35, with interest and costs of suit, and for the foreclosure of an attachment lien upon certain tracts of land therein described, from which this appeal is prosecuted.

There is no statement of facts in the record, and it appears by a recitation in the judgment that appellant requested the court to file his conclusions of fact and law, but the transcript fails to disclose any such findings by the court, and the only error assigned is the failure of the court to file such conclusions of law and fact. No bill of exceptions was taken to the failure of the court to file same, but it is urged on the part of appellant that, since the Act of the Thirtieth Legislature, p. 446, grants the right to county and district judges to file their conclusions of fact and law at any time within ten days

after the adjournment of the term, when demand is made therefor, that it is not necessary to except to the action of the court in failing or refusing to so file its conclusions of fact and law, in order to have the same reviewed by this court on appeal, but that such failure, in the absence of a bill of exceptions, when the request so to do is otherwise shown by the record, requires a reversal of the judgment. While, on the contrary, appellee insists that this court can not consider an assignment of error complaining of the failure of the trial court to file its findings of fact and conclusions of law in the absence of a proper bill of exceptions in the record presenting such complaint. But, while we think the recital contained in the judgment, as above set out, was a sufficient request on the part of appellant for such findings, still there is nothing in the Act of 1907 dispensing with the necessity for a bill of exceptions to the failure or refusal of the court so to do, in order to obtain a review on appeal on account thereof. · The uniform practice, as heretofore declared by the decisions of the Supreme Court, under article 1333 of the Revised Statutes, has been not to consider such failure or refusal on the part of the court to file its conclusions of fact and law, unless the point was duly preserved by bill of exceptions taken thereto. See Cotulla v. Goggan, 77 Texas, 32; Landa v. Heermann, 85 Texas, 1; Hess v. Dean, 66 Texas, 663; Glass v. Wiles, 14 S. W., 225; Lumpkin v. Marress, 102 S. W., 1169; Texas & P. Ry. Co. v. Shawnee County Oil Co., 55 Texas Civ. App., 183, 118 S. W., 776. And this rule seems to generally obtain in other jurisdictions. See Vol. 2 Cyc., 730h.

While it is true that in Werner Stave Co. v. Smith, 120 S. W., 247, and in Wandry v. Williams, 103 Texas, 91, 124 S. W., 85, it was held reversible error on the part of the court to fail or refuse, upon proper request, to file its conclusions of law and fact within the ten days, as required by the Act of 1907, still, in each of these cases the point was properly presented for review by bill of exception taken to the action of the court in refusing and failing so to do. So that said cases are in line with the former holdings of the court on this subject, and are not, in our judgment, authority in support of the contention urged by appellant. He, however, contends that, since the Act in question grants the court ten days within which to file its conclusions, and that no failure can be shown until after said time has expired, when it is too late to prepare and file a bill of exceptions, even though it should be deemed necessary so to do, that, therefore, none should be required.

We are not prepared to agree with counsel for appellant that the court would have no authority or power, after the expiration of the ten days, to grant a bill of exception to its failure or refusal to file its conclusions of fact and law when such bill was opportunely presented for its consideration. It is true that the statute with reference to the presenting and filing of bills of exception requires that the same shall be presented to the judge for his allowance and signature during the term and within ten days after the conclusion of the trial, and we are aware that it has been frequently held by the courts that, unless this statute is strictly complied with in this respect, the bill will not be considered. See Lockett v. Schurenberg, 60 Texas, 610; King v.

Sassman, 54 S. W., 304; Harper v. State, 41 Texas Crim. App., 353, 55 S. W., 178; San Antonio & A. P. Ry. Co. v. Holden, 23 Texas Civ. App., 144, 55 S. W., 603; Western Union Tel. Co. v. Rowe, 44 Texas Civ. App., 84, 98 S. W., 228. Yet these decisions were made with reference to matters occurring during the progress of the trial, and had and could have no reference to matters occurring after the adjournment of the term; and since their rendition the present statute under consideration has been passed, whereby the court now has the right to file its conclusions at any time within ten days after the adjournment of the term. So that, to sustain appellant's contention, we must not only disregard the line of cases holding that, in order to review the action of the court in failing to file its conclusions within the prescribed period, it is necessary to preserve the point by bill of exception, but must also hold that no bill can properly be presented after the adjournment, which we are not inclined to do. Here there is no effort shown on the part of appellant to have the court comply with his request during the period granted to it after adjournment, and he relies merely on the failure of the court to act in the matter. It has been held in this State in Williams v. Dean, 38 S. W., 1024, that where the judge adjourned the court before the time allowed by him to perfect the bill of exceptions had expired, the appellant will not be denied relief on the ground that the bill was not approved and filed before the adjournment; that, while it had no power to consider the bill as a part of the record, the appellant nevertheless was entitled to relief, and the only relief that could be afforded him was to reverse and remand the judgment. In Bradford v. Knowles, 11 Texas Civ. App., 572, 33 S. W., 149, the same doctrine is announced. In Stanford v. State, 42 Texas Crim. App., 343, 60 S. W., 253, where the bill of exceptions was presented to the trial judge within the time required by law, but was not signed by him nor filed during the required time, because he was forbidden by his physician to read the bill on account of sickness, it was held that the bill would be considered on appeal, since the failure of the court to sign the same was not due to any negligence on the part of appellant.

It will be recalled that the Act of 1907 also permits the filing of bills of exceptions and statement of facts at any time within twenty days after the adjournment of the court, provided request is made therefor, and an order granting such request entered of record, so that the very statute extending the time within which the trial court may file its conclusions of fact and law likewise grants appellant the right to provide for just such a contingency as has arisen here, by procuring an order allowing him to file bills of exceptions within twenty days from and after the adjournment of the court. But if it should be urged that this statute was only intended, as may have been the case, to provide time for the preparation and filing of such bills of exception as may have been taken during the progress of the trial, yet we can see no good reason why the same should not be held to cover any matter occurring subsequent to the trial and within the period prescribed. Be this as it may, we are, however, inclined to believe that the Legislature did not contemplate nor intend that the

court should have the unrestrained power to fail or refuse to comply with such a request within the ten-day period allowed for filing its conclusions of fact and law, thereby depriving the party litigant of a substantial right, and at the same time deny him the privilege of a bill of exceptions to have such action reviewed, on the ground that a bill of exceptions could not be had after the expiration of said ten days.   Certainly, wherever a right is given by law, some adequate means should be provided for its enforcement, otherwise the right itself is worthless, and if the statute itself is silent upon the subject, and fails to provide the method for a review of the action of the court when this right is disregarded by it, then, by implication, it seems to us, the aggrieved party should have the right to have such action of the court reviewed on appeal.   The court under such circumstances, in our judgment, would have the inherent right to grant a bill of exceptions to its action; and, when timely presented, a failure or refusal on the part of the court to accord a proper bill of exceptions to its action, in our opinion, should be regarded as reversible error.

In the present case it appears that the judgment was rendered on the 6th of February, and that the court did not adjourn until the twelfth of said month, during which time there is nothing in the record to indicate that appellant sought to have the court comply with his request.   In Lumpkin v. Marress, *supra,* where the record disclosed that the trial court failed to file its conclusions of law and fact through oversight on its part, and there was a failure on the part of appellant to call his attention thereto, it was said: "The term continued for more than a month after the request.   The duties of a district judge are such that he ought not to be reasonably expected to keep such a matter in his mind.   It is more reasonable to expect of counsel that they do not allow him, in the manifold and engrossing work which he has to perform, to overlook it.   No excuse is offered by counsel for letting the matter rest, except that they confidently expected the judge would not let the term go by without filing the conclusions. We do not think that counsel did all that they could have done, nor that all the fault should be ascribed to the judge."

We think, in the absence of a bill of exceptions, that the failure on the part of the trial court to file its conclusions of law and fact can not be reviewed by us, and therefore overrule appellant's contention; and, no other error being assigned, the judgment of the trial court will be affirmed, and it is so ordered.

*Affirmed.*