GADDIS v. MAYFIELD et al. (No. 1307.)

(Court of Civil Appeals of Texas. El Paso. March 30, 1922.)

1. Appeal and error ⬅️544(1)—Bill of exceptions necessary for review of noncompliance with request for findings of fact and conclusions of law.

For review of the court's noncompliance with request, made after adjournment, that findings of fact and conclusions of law be made and filed, there must be a bill of exceptions.

2. Vendor and purchaser ⬅️132—Vendor held to have failed to make abstract show a record marketable title within stipulated time.

Failure of vendor to file for record releases of mortgages or notify purchaser of their execution till after a certain date is failure to make abstract show a record marketable title on or before that date, which by provision of the contract for sale rendered it void.

3. Vendor and purchaser ⬅️78, 334(1)—Time held of essence; failure to remove building and deliver lot by stipulated time held to authorize purchaser to withdraw and recover deposit.

A contract for sale of a lot for building, giving vendor five days to furnish abstract and limiting him to April 10 to cure any defects in the record title, and binding him to remove the building thereon before, and give possession on or before, such date, shows time to be of the essence of the contract; and failure to so remove the building and give possession is not a mere breach of condition subsequent, with right of action for damages, but authorizes the purchaser to call off the deal and demand return of cash deposit.

Appeal from District Court, Stephens County; G. O. Bateman, Judge.

Action by W. D. Mayfield and another against Charles B. Gaddis. Judgment for plaintiffs, and defendant appeals. Affirmed.

John W. Hill and Frank S. Roberts, both of Breckenridge, for appellant.

K. K. Scott and Benson & Dean, all of Breckenridge, and Zach Lamar Cobb, of El Paso, for appellees.

HARPER, C. J. Mayfield and Edwards brought this suit against Chas. B. Gaddis to recover $2,000 therefore paid under the following contract: It recites as applicable to the questions raised here:

"Chas. B. Gaddis, seller, and J. B. Edwards and W. D. Mayfield, purchasers, witnesseth: That the seller agrees to sell, and * * * purchasers agree to purchase, a certain lot * * * the consideration recited $2,000.00 cash, and the further sum of $18,000.00 on or before the 10th day of April, 1920, in cash."

That upon payment of the said sum of money seller agrees to execute deed.

"3. Within five days after the date of this contract the seller shall deliver to the purchasers a complete abstract of title. * * * But if on or before the 10th day of April, 1920, abstract shall fail to show a record marketable title to said property in the seller, * * * then this contract shall become void and shall not be enforceable as against either party, and the seller shall return to the purchasers the cash payment this day made.

"4. It is understood that the cash payment of two thousand dollars this day made, as referred to in paragraph 1 hereof, is given in consideration of an option, and the foregoing instrument shall be treated as an option contract, so that the purchasers at their option may either perform or require performance of this contract fully or may disaffirm, in which latter case the seller shall retain as consideration for such option and as liquidated damages the said cash payment of two thousand dollars; no further liability or obligations in such case to be borne or performed by either party hereto.

"5. It is agreed that, upon the performance of the agreements herein by the purchasers, the seller shall give possession of the said premises on before the 10th day of April, 1920. It is further understood that the building or improvement situated partly upon the said lot does not belong thereto, and is not included in this conveyance, but shall be removed from said lot prior to the 10th day of April, 1920.

"Witness our hands this 13th day of March, 1920.

Chas. B. Gaddis.
"W. D. Mayfield.
"J. B. Edwards."

Plaintiffs pleaded the above contract, that they were ready and able to perform, but that defendant failed to furnish complete abstract showing merchantable title, failed to tender deeds, and failed to remove the buildings and give possession on or before April 10th, as stipulated in the contract.

The defendant answered that he did tender a good and merchantable title before April 10th; that on or about April 8th he was ready, able, and willing to consummate the trade; all papers were prepared and ready for execution and delivery, all of

---

which was well known to plaintiffs; that there was no objection to plaintiff's taking possession; that, in pursuance of the terms of the contract, he was then engaged in completing the job of removing the buildings, partly situated upon the lot, but which in no way interfered with the occupancy or possession thereof; that about the 8th day of April defendant was called to Mineral Wells; that while on the trip his eyes became affected, and that he was in the care of a physician until April 16th, at which time he returned and offered to consummate the trade, etc., and plaintiffs refused, though defendant had been to great expense in removing the building; that plaintiffs are therefore estopped to recover back the $2,000 paid as a forfeit or liquidated damages.

[1] The case was tried without a jury, and three days after adjournment of court the appellant requested the court to make out and file findings of fact and conclusions of law, which the court failed to do, and this is assigned as error.

There is no bill of exceptions in the record, so the matter cannot be reviewed by us. Sewall v. Colby (Tex. Civ. App.) 163 S. W. 694; Kemp v. Everett, 59 Tex. Civ. App. 399, 126 S. W. 897.

[2] The other propositions are to the effect that the agreement to furnish abstract and to correct all written objections to it on or before April 10, 1920, was the only condition precedent in the contract, and, this stipulation having been complied with, appellant did not forfeit the option money; that the stipulation remove the improvements and deliver possession on or before April 10th, are covenants and not conditions precedent; therefore appellant had a reasonable time to comply therewith.

We are not advised of the theory upon which the trial court rendered its judgment in favor of the plaintiffs, but it seems clear that it may properly rest upon either or both of two theories: First, the attorney for appellee testified that he passed upon the abstract furnished and approved the title subject to two unreleased mortgages, one for $16,000 and one for $400, and that the releases nor any deed was tendered to him prior to April 10th. There is testimony to the effect that the attorney for appellees was notified that the releases had been executed, etc., but, if they were, they were not offered to appellees or their attorney prior to the time limit, April 10th, but appeared to have been filed for record after that time, and executed before.

So the court could have, under the facts of this case, rendered judgment for the appellees because from the evidence he found that no merchantable title had been tendered within the time limit. Giles et al. v. Union Land Co. (Tex. Civ. App.) 196 S. W. 312.

[3] And again it clearly appears from the writing itself that time was of the essence of this contract. By it appellees bind themselves to pay the balance cash on or before April 10th.

The seller is given only five days to furnish abstract, and limited to April 10th to cure any defects, and binds himself to remove the building prior to the 10th of April, and give possession on or before the same date.

The testimony shows that the appellees insisted upon a shorter time, that they wanted to construct a moving picture show and were for that reason anxious to get possession, as soon as possible, and appellant admits that he knew the purchase was being made for that purpose. So the provision as to 10th day of April was not a condition subsequent, the failure to perform which simply called for an action for damages, as contended by appellant, but was sufficient to authorize the appellees to call off the deal and demand their $2,000 deposit, as was done.

Finding no error, the cause is affirmed.

