## BAKER v. CRENSHAW & BREWSTER.
### (No. 11104.)

(Court of Civil Appeals of Texas. Fort Worth. March 21, 1925.)

**1. Appeal and error ⬅⬆544(1)—Failure to file requested conclusions of law and fact within 10 days not available error, in absence of bill of exceptions to failure to so find.**

Failure of judge to file requested conclusions of law and of fact within 10 days after

adjournment of court is not available error, in absence of bill of exceptions to failure to so find.

**2. Judgment ⬅⬆17(9)—Citation requiring defendant to appear at time not designated by law, or at impossible date, will not sustain judgment by default against him.**

Citation served on defendant requiring him to appear at time not designated by law, or at impossible date, will not sustain judgment by default against him, in view of Rev. St. art. 2323.

**3. Judgment ⬅⬆17(9)—Writ summoning party to appear at date anterior to issuance thereof, or at impossible date, does not confer jurisdiction on court to enter judgment by default.**

Writ summoning party to appear at date anterior to issuance thereof, or at impossible date, does not confer jurisdiction on court to enter judgment by default.

**4. Justices of the peace ⬅⬆122(2)—Citation out of justice court, requiring defendants to appear at date anterior to time of filing of suit, held to require reversal of default judgment.**

Citation out of justice court, requiring defendants to appear at date long anterior to time of suit, to wit, "the 14th day of December, A. D. 192—," held to necessitate reversal of default judgment.

**5. Justices of the peace ⬅⬆122(2)—Cause of action, alleged against two or more parties in alternative, will not sustain default judgment.**

Cause of action in justices' court, alleged against two or more parties in alternative, will not sustain default judgment, since it is uncertain from the petition or pleading which one of the parties is sought to be held liable.

**6. Venue ⬅⬆22(3)—Dismissal of cause as to codefendant interposing plea of privilege held error.**

In action against several defendants, of whom two were sued jointly and not severally, a dismissal of the cause on plaintiff's motion as to joint codefendant only, on his plea of privilege, held error, where, in the absence of the motion and the sustaining of plea, the whole case would properly have been transferable to the county named in the plea of privilege.

Appeal from Palo Pinto County Court; E. M. Pitts, Judge.

Action by Crenshaw & Brewster against C. C. Baker and another. Judgment for plaintiffs, and defendant named appeals. Reversed and remanded, with instructions.

Robert E. Bowers, of Breckenridge, for appellant.

S. D. Goswick, of Mineral Wells, for appellees.

BUCK, J. Appellees, Crenshaw & Brewster, filed suit in the justice court February 12, 1924, against the Piggly Wiggly Mercan-

tile Company, a corporation, with C. C. Baker as its agent and manager, whose office was alleged to be in Stephens county, or C. C. Baker individually and John Novakovich, on what purported to be a verified account for an ice box and the construction of a platform for a show window or fish box. The citation issued thereon required the officer to summon "Piggly Wiggly, a corp. duly incorporated and doing business in the state of Texas with C. C. Baker as its agent and C. C. Baker individually and John Novakovick," and required the defendants to appear before a regular term of the justice court for precinct No. 5, Palo Pinto county, "to be held at my office in the city of Mineral Wells in the county of Palo Pinto on the 14th day of December, A. D. 192—, to answer the suit of Crenshaw & Brewster, plaintiffs, against the Piggly Wiggly," etc. The officer's return on said citation is as follows:

"Came to hand on the 16th day of November, 1923, at 9 o'clock a. m., and executed within said county of Stephens on the 16th day of November, 1923, at 11 o'clock a. m. by delivering the within named Piggly Wiggly Mercantile Co. at Breckenridge, Stephens county, Tex., C. C. Baker as its agent 11/16/23, 10–30, office. C. C. Baker, individually 11/16/23, office. John Novakovick 11/16/23, 11 oc. office, in person a true copy of this citation."

The cost bond given in the justice court was in the name of "Brewster & Crenshaw," as principal, and signed "Crenshaw & Brewster," by "L. N. Brewster, principal."

Novakovich [Novakovick] filed his plea of privilege to be sued in Stephens county, duly verified. The justice court dismissed the suit as to Novakovich on the motion of the plaintiffs, and rendered judgment in favor of "Crenshaw & Brewster" against "Piggly Wiggly Mercantile Company, a corporation, and C. C. Baker," on December 14, 1923. Said judgment further described the firm of Crenshaw & Brewster as composed of J. W. Crenshaw and L. N. Brewster. It was filed for record in the county court on February 12, 1924, and apparently was "filed" in the justice court on said later date. On February 12, 1924, C. C. Baker filed his motion in the justice court to set aside the judgment rendered against him, and alleged that on that date he received information from an attorney residing in Mineral Wells, S. D. Goswick, that this court did, on or about December 14, 1923, render judgment against C. C. Baker and the Piggly Wiggly Mercantile Company for $112, and costs of suit; that such information was first received on the 3d day of January, 1924, by means of a letter. He alleged that the purported judgment by default rendered against the defendant, Baker, was a nullity and of no force and effect, because "(a) a copy of the citation in this cause served upon this defendant summons the defendant to appear at an impossible date, or at least a date anterior to the

date of the citation; (b) because the mandatory provisions of the statutes prescribing the method of issuing, serving, and returning such citations and of therein prescribing the time the defendant shall appear and answer thereto, is not complied with in the citation served on this defendant." He further alleged that he had a good and meritorious defense to the cause of action asserted against him in this suit, and would, when he is properly served and the venue of such suit fixed, be able to assert and prove his defense. The defendant further alleged that he was informed and believed that the debt was for the price of a box or inclosure built by plaintiffs, and now in the possession of John Novakovich, who rents from the defendant a space for the purpose of conducting a fish market; that the defendant does not own or claim such ice box or any other furniture, equipment, or fixtures used in said fish market; that he did not contract with the plaintiffs in any way to purchase said fixtures; that he does not now nor ever owned an interest in said fish market, the defendant being merely the tenant of the Odd Fellows Lodge, and Novakovich being merely the subtenant of the defendant, paying monthly rentals for the use of the space occupied by said market. He further alleged, for the information of the court, and without appearing for the so-called Piggly Wiggly Mercantile Company, that the defendant, C. C. Baker, is not the agent of the Piggly Wiggly, Inc., or Piggly Wiggly Mercantile Company, nor of any other concern of similar name; and that no concern of such name or similar names has any ownership or control of any of the stock in trade, fixtures, or other property in or in connection with the defendant's store in Breckenridge, Tex., which was called Piggly Wiggly"; said name being merely the name under which this defendant conducts his grocery business.

The motion was overruled on February 12, 1924, and on January 17, 1924, C. C. Baker filed in the county court his application for writ of certiorari from the county court, in which he alleged, substantially, the facts set out in his motion for rehearing in the justice court, and further alleged the insufficiency of the evidence to sustain the judgment, and that the citation served on the defendant out of the justice court did not state the nature of plaintiff's demand in sufficient detail, and in truth and in fact in any manner state the cause and nature of plaintiff's cause of action. He further alleged that, though he was not required to answer in the cause in which a judgment was rendered against him in the justice court, he did consult with an attorney about said suit when served with the citation in said cause, and consulted and advised with the said Novakovich, who was a codefendant named in said cause, and it was agreed by and between the petitioner and said

Novakovich, upon the representations of said Novakovich that he had already employed an attorney who would represent all of the parties defendant, including the petitioner, in said cause, and that said attorney would in due time and in proper manner file a plea of privilege in said cause for and on behalf of the petitioner and his codefendant; that said Novakovich, without the knowledge of the petitioner, failed or fraudulently refused to so instruct his said attorney to represent the petitioner and to file a plea of privilege for him; and that the petitioner did not know until he received the letter from the attorney of plaintiffs below that he was not so represented by counsel.

Other allegations were contained in the petition, probably not necessary here to state. The petition was duly verified. The bond for certiorari was given in the sum of $250. The county court granted the motion and the writ was issued, but upon a motion of the plaintiffs below to dismiss the writ said motion was granted, and Baker has appealed.

[1] The trial court has filed his findings of fact, in which he finds that plaintiffs, Crenshaw & Brewster, a copartnership composed of J. W. Crenshaw and L. N. Brewster, files suit in the justice court of Palo Pinto county against Piggly Wiggly, a mercantile corporation, C. C. Baker, and John Novakovich; that citation was served on the defendants on the 16th day of November, 1923, commanding them to appear and answer on the 14th day of December, 1923, the same being a regular term of the justice court for precinct No. 5, Palo Pinto county, Tex.; that John Novakovich filed his plea of privilege to be sued in Stephens county "and that the defendants Piggly Wiggly Mercantile Corp. nor C. C. Baker, appeared in person or by attorney, and plaintiffs dismissed their suit against John Novakovich, and took judgment by default against Piggly Wiggly Mercantile Corp. and C. C. Baker"; that "the Piggly Wiggly Mercantile Co. nor C. C. Baker filed any motion for a new trial in the time required by law." He further found "that C. C. Baker, one of the defendants herein, filed a motion to set aside the judgment on the 12th day of December, 1923, and said motion to set aside said judgment was overruled on the 12th day of January, 1924; that defendant did not appear in person, or by attorney to urge their said motion, or in any other way to represent themselves." He further found that the judgment in the justice court was rendered on sufficient testimony, and that defendant did not use any diligence in defending his suit in the justice court; that he did not file a motion for a new trial, and did not appeal his case. He further found that defendant was served with citation 30 days before said judgment was rendered, giving him sufficient time to make his defense. He further filed conclusions of law. The caption of the transcript shows that the county court adjourned on April 1, 1924. The request made upon the county judge to file findings of fact was filed March 11, 1924. The findings were not filed until April 12th, thus more than 10 days had elapsed after the adjournment of the court before the findings of fact and conclusions of law were filed. Appellant urges that they should not be considered, and that judgment should be reversed for the failure of the court to file such findings within 10 days after the adjournment of the court. It is held that findings of fact and conclusions of law filed after the expiration of 10 days from the adjournment of the court are a nullity. Velasco Fish & Oyster Co. v. Texas Co. (Tex. Civ. App.) 148 S. W. 1184; Emery v. Barfield (Tex. Civ. App.) 156 S. W. 311, by this court. The refusal of a judge to file on request conclusions of law and fact is reversible error. Wandry v. Williams, 103 Tex. 94, 124 S. W. 85. But this holding depends apparently on the appellant reserving a bill of exception to the failure of the trial court to file the findings of fact within the 10 days. Wandry v. Williams, supra; Averill v. Wierhauser (Tex. Civ. App.) 175 S. W. 794; Hanks v. Holt (Tex. Civ. App.) 148 S. W. 599; Lumpkin v. Marress (Tex. Civ. App.) 102 S. W. 1169; Kemp v. Everett, 59 Tex. Civ. App. 399, 126 S. W. 897. No bill of this failure appears in the record.

[2-4] Article 2323, Rev. Civ. Statutes, requires the officer having the citation to summon the defendant to appear and answer the plaintiff's suit at some regular term of court, stating the time and place of holding the same, and the names of all parties to the suit, and the nature of plaintiff's demand. A citation served on a defendant requiring him to appear at a time not designated by law, or at an impossible date, will not sustain a judgment by default against the defendant. Whitney v. Krapf, 27 S. W. 843. The writ which summons one to appear at a date anterior to the issuance thereof, or at an impossible date, gives the court no jurisdiction to enter a judgment by default. Covington v. Burleson, 28 Tex. 368; Neill v. Brown, 11 Tex. 17; Tobler v. Stubblefield, 32 Tex. 188. We think the default judgment must be reversed by reason of the fact that the citation out of the justice court required the defendants to appear at an impossible date, long anterior to the time the suit was filed, to wit, "the 14th day of December, A. D. 192—."

[5] The notation in the justice court of the nature of the cause of action shows that the suit was against the Piggly Wiggly Mercantile Company, a corporation, etc., "or C. C. Baker individually and John Novakovich." We do not think that a default judgment can be sustained upon a cause of action alleged to be against two or more parties in the alternative; it being uncertain from the petition or pleading which one of the parties

is sought to be held liable, 30 Cyc. p. 131, § 4. Moreover, the pleadings in the justice court were against the Piggly Wiggly Mercantile Company, a corporation, while the citation required the "Piggly-Wiggly, Corp. duly Inc.," to be summoned. But this discrepancy would probably not apply to appellant's appeal.

[6] The cause of action asserted against the defendants in the justice court was against them apparently jointly and not severally, or at least as to C. C. Baker and John Novakovich. In a cause of action so asserted we believe that upon the filing of the plea of privilege by Novakovich that the trial court should not have dismissed the cause as to him alone, but also, at least, as to C. C. Baker; otherwise the whole case as to all parties defendant should have been transferred to Stephens county. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209; Camp v. Gourley (Tex. Civ. App.) 201 S. W. 671; Ragland v. Guarantee Life Ins. Co. (Tex. Civ. App.) 157 S. W. 1187; Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667, by the Commission of Appeals.

Other errors are alleged, but we think it is not necessary to further discuss the case. For the errors pointed out, the judgment of the county court is reversed, and the cause remanded, with instructions to consider the application for the writ of certiorari, and appellant's defense to the original suit, if any, including his right to be sued in Stephens county.

Judgment reversed, and cause remanded, with instructions.