## WYMAN v. AMERICAN MORTGAGE CORPORATION.
### No. 10888.

Court of Civil Appeals of Texas. Dallas.
Dec. 12, 1931.

**630**

■■■■■■■■■■■■■■■■■■■

See, also, 41 S.W.(2d) 270.

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

· S. A. Williams, of Dallas, for defendant in error.

## VAUGHAN, J.

For convenience, the parties will be referred to as follows: Plaintiff in error as defendant and defendant in error as plaintiff. This suit was filed in the court below on November 19, 1929, by plaintiff against defendant, to recover on an installment note, and to foreclose against defendant a lien on an automobile belonging to him, created by a chattel mortgage executed by defendant to secure payment of the note. Citation was issued November 21, 1929, and served upon defendant in Harris county on January 25, 1930. Defendant failed to appear or answer in the court below, and on April 14, 1930, the court entered judgment by default against him in favor of plaintiff for the sum of $249.79 as the amount sued for and due on the note, and foreclosed the chattel mortgage lien on the automobile, described in plaintiff's petition.

The cause is before us on writ of error seasonably and duly perfected to present for our review the record of the proceedings of the court below. Defendant, by his assignments of error, contends that the trial court had no authority to render judgment against him, because he had not voluntarily submitted himself to the jurisdiction of the court, and the only citation served upon him was 'void, in that (a) same did not direct the officer serving it to summon the defendant to appear at the next regular term of court following the date on which said citation was issued; (b) it summoned defendant to appear and answer plaintiff's petition at a time other than the next regular term of court following the date on which it was issued; (c) said citation was served long after the first day of the next regular term of the court following the date on which said citation was issued; (d) the only citation served on him was void because it failed to state the time of holding the next regular term of court following the date on which the citation was issued.

■ The record shows that the plaintiff's petition was filed November 19, 1929, and the only citation appearing therein was issued November 21, 1929. Acts 1923, 38th Leg., c. 24, § 4, provides that the terms of the county court of Dallas county at law No. 1 shall be held six times each year, viz. on the first Monday in January, March, May, July, September, and November; therefore the first term of the court following the issuance of the citation in this case would be on the first Monday in January, which was January 6, 1930, of which courts will take judicial knowledge. Blanton Banking Co. v. Taliaferro (Tex. Civ. App.) 262 S. W. 196.

■ The citation, by words in typewriting, was returnable to the January term of the trial court, but this designation of the term was altered by manuscript so as to make the citation returnable to the March term of said court. Consequently, the citation as it now appears of record shows upon its face to have been issued November 21, 1929, and directed the defendant to appear and answer at the March term of court, which was not the next regular term of court following the date upon which citation was issued. Article 2022, R. S. 1925, outlines the requisites of a citation, viz.: "Citations shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same." This statute is mandatory, and, unless a citation be issued in substantial compliance therewith, will not support a judgment by default. Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Jarrell v. U. S. Realty Co. (Tex. Civ. App.) 270 S. W. 1079; Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060. This holding prevails, even though the judgment recites that defendant was duly served. Shook v. Laufer (Tex. Civ. App.) 84 S. W. 277. From the record in this case it is clear that the citation was not in substantial compliance with the statutory requirements. The citation purports to direct the defendant to appear at the next regular term of the trial court, but states that the next regular term of that court was to be held on the first Monday in March, 1930, where as in fact the next regular term of the court was fixed by law as the first Monday in January 1930. The specific language of the citation therefore did not direct the defendant to appear at the next regular term of the court following the issuance of same. It therefore follows that the citation was void, and, since the defendant did not appear or answer in the case, the judgment entered upon the service of said citation was void under the terms of article 2050, R. S. 1925, viz.: "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in this chapter, except where otherwise expressly provided by law," and subject to attack by writ of error. Frosch v. Shlumpf, 2 Tex. 422, 47 Am. Dec. 655; Mosaic Templars of America v. Gaines (Tex. Civ. App.) 265 S. W. 721; Neill v. Brown, 11 Tex. 17; Covington v. Burleson, 28 Tex. 368; Baker v. Crenshaw & Brewster (Tex. Civ. App.) 270 S. W. 917.

Because of the invalidity of the citation and the service thereof, the judgment by default is set aside and this cause remanded to the trial court, with instructions to reinstate same upon the docket thereof for trial upon its merits.

Reversed and remanded.